UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

AMIT MATHUR,
and ENTRUST CAPITAL MANAGEMENT, INC.

Defendants,

and

AMR REALTY, LLC,

Relief Defendant.

CIVIL ACTION
NO.

**05 cv 10729 MLW**

---

## TEMPORARY RESTRAINING ORDER, ORDER FREEZING ASSETS AND OTHER EQUITABLE RELIEF

Having considered the Emergency Motion for a Temporary Restraining Order, Preliminary Injunction, Order Freezing Assets and Other Equitable Relief filed by plaintiff Securities and Exchange Commission ("Commission"), as well as the Complaint, the Commission's Memorandum of Law and accompanying declarations and evidentiary materials, the Court finds that the Commission has made a proper showing, in support of its Motion, that: (i) a substantial likelihood exists that the Commission will succeed in proving that Defendants Amit Mathur ("Mathur") and Entrust Capital Management, Inc., ("Entrust"), engaged in the violations alleged in the Complaint; (ii) there is a reasonable likelihood that these violations will be repeated; (iii) unless restrained and enjoined by Order of this Court, Defendants Mathur and Entrust, and Relief defendant AMR Realty, LLC., ("AMR") may dissipate, conceal or transfer

from the jurisdiction of this Court assets that could be subject to an order of disgorgement or an order to pay a civil monetary penalty in this action; and (iv) this entry of a Temporary Restraining Order, an Order Freezing Assets and Other Equitable Relief against all Defendants and the Relief Defendant, including an accounting, as necessary to preserve the status quo. In consideration of the foregoing, the Court being fully advised in the premises, and pending determination of the Commission's motion for a preliminary injunction.

I.

**IT IS HEREBY ORDERED** that Mathur and Entrust, and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are restrained from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)] by, directly or indirectly, through the use of any means or instrumentalities of interstate commerce or the mails or of any facility of any national securities exchange,

(a) employing any device, scheme or artifice to defraud;

(b) obtaining any money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in the offer or sale of any securities.

**II.**

**IT IS HEREBY FURTHER ORDERED** that Mathur and Entrust, and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission or overnight delivery service, are restrained from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5] by, directly or indirectly, through the use of the means or instrumentalities of interstate commerce or of the mails or of any facility of any national securities exchange,

(a) employing any device, scheme or artifice to defraud;

(b) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

**III.**

**IT IS HEREBY FURTHER ORDERED** that Mathur, Entrust and each of their agents, servants, employees, attorneys, successors or assigns, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission or overnight delivery service, are restrained from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C.

§§80b-6(1), (2)] by, directly or indirectly, using the mails or any means or instrumentality of interstate commerce to:

(a) employ any device, scheme, or artifice to defraud any client or prospective client; or

(b) engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

## IV.

**IT IS HEREBY FURTHER ORDERED** that:

A. Mathur and each of his agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission or overnight delivery service, shall hold and retain funds and other assets of Mathur and presently held by him, for his direct or indirect benefit, under his direct or indirect control or over which he exercises actual or apparent investment or other authority in whatever form such assets may presently exist and wherever located, and shall prevent any withdrawal, sale, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen, including but not limited to, such funds held in the following accounts:

| **Institution** | **Account Name** | **Account No.** |
| --- | --- | --- |
| Commerce Bank & Trust | AMR Realty, LLC<br>Entrust Capital Management, Inc.<br>Amit Mathur | 7190411<br>7141763<br>(unknown) |
| Community Trust Bank | Entrust Capital Management, Inc. | 2052628 |
| Kimball & Cross | Entrust Capital Management, Inc. | AD3-250031 |
| Bank of America | Entrust Capital Management, Inc. | 118-00293 |

B. All banks, brokerage and other financial institutions and other persons or entities which receive actual notice of this Order by personal service or otherwise, including facsimile transmissions or overnight delivery service, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of Mathur or over which Mathur exercises actual or apparent investment or other authority, in whatever form such assets may exist and wherever located, including but not limited to all such funds held in the accounts listed in Paragraph IV(A) above, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and assets are hereby and hereafter frozen.

## V.

**IT IS HEREBY FURTHER ORDERED** that:

A. Entrust and each of its agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission or overnight delivery service, shall hold and retain funds and other assets of Entrust and presently held by it, for its direct or indirect benefit, under its direct or indirect control or over which it exercises actual or apparent investment or other authority in whatever form such assets may presently exist and wherever located, and shall prevent any withdrawal, sale, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen, including, but not limited to, such funds held in the following accounts:

| Institution | Account Name | Account No. |
|---|---|---|
| Commerce Bank & Trust | AMR Realty, LLC | 7190411 |
| | Entrust Capital Management, Inc. | 7141763 |
| | Amit Mathur | (unknown) |
| Community Trust Bank | Entrust Capital Management, Inc. | 2052628 |
| Kimball & Cross | Entrust Capital Management, Inc. | AD3-250031 |
| Bank of America | Entrust Capital Management, Inc. | 118-00293 |

B.    All banks, brokerage and other financial institutions and other persons or entities which receive actual notice of this Order by personal service or otherwise, including facsimile transmissions or overnight delivery service, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of Entrust or over which Entrust exercises actual or apparent investment or other authority, in whatever form such assets may exist and wherever located, including but not limited to all such funds held in the accounts listed in Paragraph V(A) above, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and assets are hereby and hereafter frozen.

### VI.

**IT IS HEREBY FURTHER ORDERED** that:

A.    AMR and each of its agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission or overnight delivery service, shall hold

and retain funds and other assets of AMR and presently held by it, for its direct or indirect benefit, under its direct or indirect control or over which it exercises actual or apparent investment or other authority in whatever form such assets may presently exist and wherever located, and shall prevent any withdrawal, sale, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen, including but not limited to, such funds held in the following accounts:

| Institution | Account Name | Account No. |
|---|---|---|
| Commerce Bank & Trust | AMR Realty, LLC | 7190411 |
| | Entrust Capital Management, Inc. | 7141763 |
| | Amit Mathur | (unknown) |
| Community Trust Bank | Entrust Capital Management, Inc. | 2052628 |
| Kimball & Cross | Entrust Capital Management, Inc. | AD3-250031 |
| Bank of America | Entrust Capital Management, Inc. | 118-00293 |

B.  All banks, brokerage and other financial institutions and other persons or entities which receive actual notice of this Order by personal service or otherwise, including facsimile transmissions or overnight delivery service, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of AMR or over which AMR exercises actual or apparent investment or other authority, in whatever form such assets may exist and wherever located, including but not limited to all such funds held in the accounts listed in Paragraph VI(A) above, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and assets are hereby and hereafter frozen.

7

## VII.

**IT IS HEREBY FURTHER ORDERED** that all persons who hold or possess the direct or indirect proceeds of the misconduct described in the Complaint, in whatever form such funds or other assets may presently exist, who receive actual notice of this Order, by personal service or otherwise, including facsimile transmission or overnight delivery service, shall hold and retain such funds and assets and shall prevent any withdrawal, sale, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen.

## VIII.

**IT IS FURTHER ORDERED** that Mathur and Entrust, their agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmissions or overnight delivery service, and each of them, are prohibited from soliciting, accepting or depositing any monies obtained from actual or prospective investors pending the resolution of this action.

## IX.

**IT IS HEREBY FURTHER ORDERED** Mathur, Entrust and AMR, their agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmissions or overnight delivery service, and each of them, shall, within five (5) days of receiving actual notice of this Order, take such steps as are necessary to repatriate and deposit into the registry of the Court in an interest bearing account, any funds or assets that were obtained directly or indirectly from investors or represent directly or indirectly proceeds of the conduct described in the Complaint that presently may be located outside of the United States.

## X.

**IT IS HEREBY FURTHER ORDERED** that Mathur, Entrust and AMR, shall each submit in writing and serve upon the Commission, within five (5) business days following service of this Order upon them, an accounting identifying:

1. a list identifying all domestic and foreign bank, brokerage, or other financial institution accounts held by them or in their names, for their direct or indirect benefit, under their direct or indirect control, or over which they exercise actual or apparent investment or other authority; and

2. a verified written accounting, signed under penalty of perjury, identifying:

   A. all transfers, disbursements, or payments of funds to Mathur, Entrust, and/or AMR or any entity owned or controlled in whole or part by Mathur, Entrust, and/or AMR from any accounts which Mathur, Entrust, and/or AMR, or any entity owned or controlled in whole or part by Mathur, Entrust, and/or AMR, was the investment adviser or general partner (the identification shall include the amount of each such transfer/disbursement/payment, the date of the transfer/disbursement/payment, and the name, address, account number and financial institution of the party making and receiving the transfer or payment) for the period beginning June 1, 2000 to present;

   B. for each transfer, disbursement, or payment of funds identified in response to paragraph X.A. above, any subsequent transfers of the funds to any person or entity from Mathur, Entrust, and/or AMR, or any entity owned or controlled in whole or part by Mathur, Entrust, and/or AMR (the identification shall include the amount of each such

transfer/disbursement/payment, the date of the transfer/disbursement/payment, and the name, address, account number and financial institution of the party making and receiving the transfer or payment) from the period beginning June 1, 2000 to the present;

    C.    by name and address, all persons, entities and accounts currently holding funds or assets derived from the transfers described in paragraph X.A. and B. above and the reason each received the funds or assets (the identification shall include the amount each received, the date received, the institution and account number or location in which the funds or other assets are held, and the name, address, account number and financial institution of the person or entity who provided each with the funds or other assets) from the period June 1, 2000 to the present;

    D.    assets of every type and description with a value of at least one thousand dollars ($1000) presently held for the direct or indirect benefit, or subject to the direct or indirect control, of Mathur, Entrust, and/or AMR whether in the United States or elsewhere from the period June 1, 2000 to the present;

    E.    all transfers of assets of $1000 or more by Mathur, Entrust, and/or AMR since June 1, 2000 to the present, including the names and locations of all persons, entities and accounts to and from which the transfers were made, the dates, amounts and purposes of the transfers and the identity and location of any assets derived from such funds; and

    F.    all accounts held at any bank, brokerage or other financial institution in the United States or elsewhere in the name of Mathur, Entrust, and/or AMR or

otherwise under their control, or in which Mathur, Entrust, and/or AMR have or had any direct or indirect beneficial interest, at any time during the period June 1, 2000 to the present.

## XI.

**IT IS HEREBY FURTHER ORDERED** that Mathur, Entrust and AMR, shall submit in writing to the Commission, within five (5) business days following service of this Order upon them, a list of all telephone or facsimile transmission numbers (including numbers of pagers and mobile telephones), street addresses, postal box numbers, safety deposit boxes and storage facilities used by them or under their direct or indirect control, at any time since June 1, 2000 to the present.

## XII.

**IT IS HEREBY FURTHER ORDERED** that Mathur, Entrust and AMR, and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission or overnight delivery service, are hereby restrained from destroying, mutilating, concealing, altering, disposing, or transferring custody of any items, including but not limited to any books, records, documents, correspondence, contracts, agreements, assignments, obligations, tape recordings, computer media or other property relating to Mathur, Entrust, or AMR, or the misconduct described in the Complaint.

## XIII.

**IT IS HEREBY FURTHER ORDERED** that the Commission, notwithstanding the provisions of Fed. R. Civ. P. 26(d) and the Local Rules of this Court, may commence discovery immediately. In the event the Commission chooses to depose any witnesses prior to any hearing on the Commission's requests for temporary or preliminary relief, such witnesses shall be

required to appear for a deposition on three business days notice. Such depositions shall not count towards any of the limits on depositions set forth in the Federal Rules of Civil Procedure or the Local Rules, including but not limited to Fed. R. Civ. P. 30 (a)(2)(A) and 30(d)(2). Moreover, notwithstanding the provisions of Fed. R. Civ. P. 30(a)(2)(B), the Commission shall be entitled to depose these witnesses again during the discovery period. Additionally, Defendants shall be required to respond to document requests and interrogatories within five business days.

## XIV.

**IT IS HEREBY FURTHER ORDERED** that Mathur, Entrust, and AMR, shall serve the statements and accountings required herein on counsel for the Commission by messenger, overnight delivery service or by facsimile to R. Daniel O'Connor, U.S. Securities and Exchange Commission, 73 Tremont Street, 6th Floor, Boston, MA 02108, or at facsimile number (617) 424-5940.

## XIV.

**IT IS HEREBY FURTHER ORDERED** that the hearing on the Commission's motion for Preliminary Injunction shall take place at _____ o'clock ___.m. on _____, 2005, in Courtroom ____ or at such other time or place as counsel may be heard. All parties shall serve and file their briefs and evidence, if any, in support of or in opposition to the preliminary injunction for receipt three days before the date established in this Order for a hearing on the Commission's Motion for Preliminary Injunction.

```
                              _____
                              UNITED STATES DISTRICT JUDGE
```

Dated: April __, 2005