UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

AMIT MATHUR,
and ENTRUST CAPITAL MANAGEMENT, INC.

    Defendants,

and

AMR REALTY, LLC,

    Relief Defendant.

CIVIL ACTION
NO. 05-cv-10729 MLW

---

**PRELIMINARY INJUNCTION ORDER,
ORDER FREEZING ASSETS AND OTHER EQUITABLE RELIEF**

Having considered the Emergency Motion for a Temporary Restraining Order, Preliminary Injunction, Order Freezing Assets and Other Equitable Relief filed by plaintiff Securities and Exchange Commission ("Commission"), as well as the Complaint, the Commission's Memorandum of Law and accompanying declarations and evidentiary materials, and the Defendants Amit Mathur ("Mathur") and Entrust Capital Management, Inc. ("Entrust"), and Relief Defendant AMR Realty, LLC ("AMR"), without admitting any of the allegations of the Complaint, having consented to the entry of this Preliminary Injunction Order, Order Freezing Assets and Other Equitable Relief ("Order"), which consent is incorporated by reference herein, the Court finds that the Commission has made a proper showing, in support of its Motion, that: (i) a substantial likelihood exists that the Commission will succeed in proving

that Defendants Mathur and Entrus, engaged in the violations alleged in the Complaint; (ii) there is a reasonable likelihood that these violations will be repeated; (iii) unless restrained and enjoined by Order of this Court, Defendants Mathur and Entrust, and Relief Defendant AMR may dissipate, conceal or transfer from the jurisdiction of this Court assets that could be subject to an order of disgorgement or an order to pay a civil monetary penalty in this action; and (iv) the entry of this Order against Defendants and the Relief Defendant is necessary to preserve the status quo. In consideration of the foregoing:

## I.

**IT IS HEREBY ORDERED** that Mathur, Entrust, and AMR and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission or overnight delivery service, are preliminarily enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)] by, directly or indirectly, through the use of any means or instrumentalities of interstate commerce or the mails or of any facility of any national securities exchange,

    (a)    employing any device, scheme or artifice to defraud;

    (b)    obtaining any money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in the offer or sale of any securities.

## II.

**IT IS HEREBY FURTHER ORDERED** that Mathur, Entrust, and AMR and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission or overnight delivery service, are preliminarily enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5] by, directly or indirectly, through the use of the means or instrumentalities of interstate commerce or of the mails or of any facility of any national securities exchange,

    (a)    employing any device, scheme or artifice to defraud;

    (b)    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

## III.

**IT IS HEREBY FURTHER ORDERED** that Mathur, Entrust, and AMR, and each of their agents, servants, employees, attorneys, successors or assigns, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission or overnight delivery service, are preliminarily enjoined from violating Sections 206(1) and (2) of the Investment Advisers Act of 1940

("Advisers Act") [15 U.S.C. §§80b-6(1), (2)] by, directly or indirectly, using the mails or any means or instrumentality of interstate commerce to:

    (a) employ any device, scheme, or artifice to defraud any client or prospective client; or

    (b) engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

### IV.

**IT IS HEREBY FURTHER ORDERED** that:

    A.    Mathur, his officers, agents, servants, employees, attorneys, and those persons or entities in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, including facsimile transmission or overnight delivery service, and each of them, shall hold and retain all assets and funds of Mathur presently held by them, under their direct or indirect control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, and shall prevent any withdrawal, sale, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance or diminution in value whatsoever of any and all such assets and funds, which are hereby frozen, that were acquired by Mather after June 1, 2000, including but not limited to, such funds held in the following accounts:

| Institution | Account Name | Account No. |
|---|---|---|
| Commerce Bank & Trust | AMR Realty, LLC | 7190411 |
|  | Entrust Capital Management, Inc. | 7141763 |
|  | Amit Mathur | (unknown) |
| Community Trust Bank | Entrust Capital Management, Inc. | 2052628 |
| Kimball & Cross | Entrust Capital Management, Inc. | AD3-250031 |
| Bank of America | Entrust Capital Management, Inc. | 118-00293 |

4

B.   All banks, brokerage and other financial institutions and other persons or entities which receive actual notice of this Order by personal service or otherwise, including facsimile transmissions or overnight delivery service, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of Mathur or over which Mathur exercises actual or apparent investment or other authority, in whatever form such assets may exist and wherever located, including but not limited to all such funds held in the accounts listed in Paragraph IV(A) above, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets that were acquired after June 1, 2000.

C.   Provided however, that regardless of the above or below:

1.   Any corporate accounts maintained by IT Mantra LLC shall not be covered by the asset freeze;

2.   Mathur may expend up to $5,000 for reasonable expenses through April 19, 2005;

3.   Mathur may expend up to $1,000 a week for reasonable expenses, so long as the funds do not come from any of the assets frozen by this Order that are in existence as of the date of this Order, or any funds derived from those assets (i.e. the money must be from a new source of income unrelated to the wrongdoing alleged in the Complaint);

4.   Mathur may establish a new bank account for the purposes of holding and expending the money described in the paragraph IV.C.3 that will be exempt from the freeze; and,

5.  Mathur agrees that his receipt and expenditure of money will be subject to a reasonable audit by the Securities and Exchange Commission, which audit will not constitute a waiver of any rights that Mathur may have under the Fifth Amendment to the Constitution.

## V.

**IT IS HEREBY FURTHER ORDERED** that:

A.  Entrust and each of its agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission or overnight delivery service, shall hold and retain funds and other assets of Entrust and presently held by it, for its direct or indirect benefit, under its direct or indirect control or over which it exercises actual or apparent investment or other authority in whatever form such assets may presently exist and wherever located, and shall prevent any withdrawal, sale, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen, that were acquired by Entrust after June 1, 2000, including but not limited to, such funds held in the following accounts:

| **Institution** | **Account Name** | **Account No.** |
| --- | --- | --- |
| Commerce Bank & Trust | AMR Realty, LLC<br>Entrust Capital Management, Inc.<br>Amit Mathur | 7190411<br>7141763<br>(unknown) |
| Community Trust Bank | Entrust Capital Management, Inc. | 2052628 |
| Kimball & Cross | Entrust Capital Management, Inc. | AD3-250031 |
| Bank of America | Entrust Capital Management, Inc. | 118-00293 |

B.  All banks, brokerage and other financial institutions and other persons or entities which receive actual notice of this Order by personal service or otherwise, including facsimile

transmissions or overnight delivery service, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of Entrust or over which Entrust exercises actual or apparent investment or other authority, in whatever form such assets may exist and wherever located, including but not limited to all such funds held in the accounts listed in Paragraph V(A) above, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and assets are hereby and hereafter frozen that were acquired after June 1, 2000.

## VI.

**IT IS HEREBY FURTHER ORDERED** that:

A.    AMR and each of its agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission or overnight delivery service, shall hold and retain funds and other assets of AMR and presently held by it, for its direct or indirect benefit, under its direct or indirect control or over which it exercises actual or apparent investment or other authority in whatever form such assets may presently exist and wherever located, and shall prevent any withdrawal, sale, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen that were acquired by Mather after June 1, 2000, including but not limited to, such funds held in the following accounts:

| Institution | Account Name | Account No. |
|---|---|---|
| Commerce Bank & Trust | AMR Realty, LLC | 7190411 |
| | Entrust Capital Management, Inc. | 7141763 |
| | Amit Mathur | (unknown) |

| | | |
|---|---|---|
| Community Trust Bank | Entrust Capital Management, Inc. | 2052628 |
| Kimball & Cross | Entrust Capital Management, Inc. | AD3-250031 |
| Bank of America | Entrust Capital Management, Inc. | 118-00293 |

B.  All banks, brokerage and other financial institutions and other persons or entities which receive actual notice of this Order by personal service or otherwise, including facsimile transmissions or overnight delivery service, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of AMR or over which AMR exercises actual or apparent investment or other authority, in whatever form such assets may exist and wherever located, including but not limited to all such funds held in the accounts listed in Paragraph VI(A) above, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and assets are hereby and hereafter frozen that were acquired after June 1, 2000.

### VII.

**IT IS FURTHER ORDERED** that Mathur, Entrust, and AMR, and their agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmissions or overnight delivery service, and each of them, are prohibited from accepting or depositing any monies obtained from actual or prospective investors pending the resolution of this action.

8

## VIII.

**IT IS HEREBY FURTHER ORDERED** Mathur, Entrust and AMR, their agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmissions or overnight delivery service, and each of them, shall, within five (5) days of receiving actual notice of this Order, take such steps as are necessary to repatriate and deposit into the registry of the Court in an interest bearing account, any funds or assets that were obtained directly or indirectly from investors that presently may be located outside of the United States.

## IX.

**IT IS HEREBY FURTHER ORDERED** that Mathur, Entrust and AMR, shall each submit in writing and serve upon the Commission, within fifteen (15) business days following entry of this Order upon them, an accounting, which accounting will not constitute a waiver of any rights that Mathur may have under the Fifth Amendment to the Constitution, identifying:

    A.    all domestic and foreign bank, brokerage, or other financial institution accounts held by them or in their names, for their direct or indirect benefit, under their direct or indirect control, or over which they exercise actual or apparent investment or other authority; and

    B.    assets of every type and description with a value of at least one thousand dollars ($1000) presently held for the direct or indirect benefit, or subject to the direct or indirect control, of Mathur, Entrust, and/or AMR whether in the United States or elsewhere, and the names, and contact information of any individuals and/or entities having control over or interests in the assets.

X.

**IT IS HEREBY FURTHER ORDERED** that Mathur, Entrust and AMR, and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission or overnight delivery service, are hereby preliminarily enjoined from destroying, mutilating, concealing, altering, disposing, or transferring custody of any items, including but not limited to any books, records, documents, correspondence, contracts, agreements, assignments, obligations, tape recordings, computer media or other property relating to Mathur, Entrust, or AMR, or the misconduct described in the Complaint.

XI.

**IT IS HEREBY FURTHER ORDERED** that Mathur, Entrust, and AMR, shall serve the accountings required herein on counsel for the Commission by messenger, overnight delivery service or by facsimile to R. Daniel O'Connor, U.S. Securities and Exchange Commission, 73 Tremont Street, 6th Floor, Boston, MA 02108, or at facsimile number (617) 424-5940.

XII.

**IT IS HEREBY FURTHER ORDERED** that this Preliminary Injunction shall remain in effect, unless modified after a motion by any of the parities, until entry of a Final Judgment, or other final disposition of, in this action.

Dated: April 19, 2005

UNITED STATES DISTRICT JUDGE