UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    :
SECURITIES AND EXCHANGE COMMISSION, :
                                    :
            Plaintiff,              :
                                    :
    v.                              :
                                    :
AMIT MATHUR,                        :   CIVIL ACTION
and ENTRUST CAPITAL MANAGEMENT, INC.:   NO. 05-CV-10729 MLW
                                    :
            Defendants,             :
                                    :
    and                             :
                                    :
AMR REALTY, LLC                     :
                                    :
            Relief Defendant.       :
_____ :

**Joint Statement and Proposed Discovery Plan**

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1, counsel for plaintiff United States Securities and Exchange Commission (the "SEC"), and counsel for defendants Amit Mathur and Entrust Capital Management, Inc. and Relief Defendant AMR Realty, LLC ("Defendants") submit this Joint Statement and Proposed Discovery Plan.

**I. Rule 26(f) Conference of the Parties**

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(b), counsel for the SEC and defense counsel met on May 12, 2005 and spoke and met on prior and subsequent occasions, to discuss: (i) the nature and basis for their claims and defenses; (ii) the possibility for a prompt settlement or resolution of the case; (iii) to arrange for the disclosures required by Rule 26(a)(1); (iv) to develop a proposed pretrial plan for the case that includes a discovery plan; (v) to prepare an agenda of items to be discussed at the scheduling conference; and (vi) to consider whether they

will consent to trial by magistrate judge.  Pursuant to Local Rule 16.1(c), the SEC has provided written settlement proposals to each of the Defendants.

### II.  Proposed Schedule

The parties request that the Court adopt the following schedule, and have submitted herewith a proposed Scheduling Order using the Court's ordinary format that is consistent with the below dates:

| EVENT | DATE |
| --- | --- |
| Defendants and Relief Defendant's Response to the Complaint, including any Dispositive Motions, except Motions for Summary Judgment | June 1, 2005 |
| Initial Disclosures | June 2, 2005 |
| Any Motions to Amend to the Pleadings, or any Motion to File Additional Pleadings | July 20, 2005 |
| Completion of Fact Discovery | January 20, 2006 |
| Plaintiff's Fed. R. Civ. P. 26 Expert Disclosures | February 11, 2006 |
| Defendants' Expert Disclosures | March 10, 2006 |
| Completion of All Discovery | March 23, 2006 |
| Counsel confer and file a report as to prospectus for settlement and whether either party feels there is a proper basis for summary judgment. | April 10, 2006 |
| Scheduling conference attended by trial counsel with full settlement authority, at which if necessary a schedule will be established for summary judgment motions. | April 12, 2006 at 10 a.m. |
| Final Pre-Trial Conference | June 5, 2006 at 10 a.m. |
| Trial | June 12, 2006 |

### III. <u>Trial By Magistrate</u>

The parties are not willing to consent to a trial by magistrate judge.

### IV. <u>Depositions</u>

The parties agree that for the purposes of the discovery the defendants and the relief defendant constitute a group of parties with a common interest and that the parties may depose each of the individuals and/or entities that invested with the defendants, the defendants, and up to ten other individuals or entities. The parties may serve discovery requests beyond these limitations with: (I) the assent of all parties, or (ii) the Court's approval.

### V. <u>Certifications</u>

The SEC, through its undersigned counsel, certifies that it is aware of the potential costs that may be associated with this litigation and the availability of alternative dispute resolution procedures. Counsel for Defendants certify that they have conferred with their respective clients: (a) with a view to establishing a budget for the costs of conducting the full course - and various alternative courses - of this litigation; and (b) to consider the resolution of this litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4. Defendants' signed certifications are going to be filed separately.

Respectfully submitted,

| | |
|---|---|
| /s/ R. Daniel O'Connor | /s/ Gary C. Crossen |
| R. Daniel O'Connor, Esq | Gary C. Crossen, Esq. |
| (Mass.Bar. No. 634207) | (Mass. Bar. No. 106580) |
| Senior Trial Counsel | gcrossen@rubinrudman.com |
| oconnord@sec.gov | Rubin and Rudman LLP |
| Steven Y. Quintero, Esq. | 50 Rowes Wharf |
| (Mass. Bar No. 632079) | Boston, Massachusetts 02110 |
| Branch Chief | (617) 330-7036 |
| quinteros@sec.gov | (617) 330-7550 (facsimile) |
| Risa A. King, Esq. | Counsel for Defendant Amit Mathur and |
| (Mass. Bar No. 648217) | Relief Defendant AMR Realty, LLC |
| Enforcement Attorney | |
| kingr@sec.gov | |
| Attorneys for Plaintiff | |
| SECURITIES AND EXCHANGE | |
| COMMISSION | /s/ John A. Sten |
| 73 Tremont Street, Suite 600 | John A. Sten, Esq. |
| Boston, MA  02108 | (Mass. Bar. No. 249577) |
| (617) 573-8900 | stenj@gtlaw.com |
| (617) 424-5940 (facsimile) | Greeenburg Traurig, LLP |
| | One International Place |
| | 3rd Floor |
| | Boston, Massachusetts 02110 |
| | (617) 310-6283 |
| | (617) 310-6001 (facsimile) |
| | Counsel for Defendant Entrust Capital |
| | Management, LLC |

Dated: May 12, 2005

**Proposed Scheduling Order**

Case 1:05-cv-10729-MLW     Document 18-2     Filed 05/12/2005     Page 1 of 3

UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

SECURITIES AND EXCHANGE
COMMISSION,
      Plaintiff

v.

AMIT MATHUR and
ENTRUST CAPITAL MANAGEMENT,
INC.,
      Defendants
and

AMR REALTY, LLC,

      Relief Defendant.

No. 05-CV-10729 MLW

## SCHEDULING ORDER

WOLF, D.J.

      This case is governed procedurally by the 1992 Amendments to the Local Rules of the United States District Court for the District of Massachusetts (the "Local Rules"), which implement the District's Civil Justice Expense and Delay Reduction Plan. Counsel must, therefore, comply with the relevant Local Rules in the litigation of this case.

      It is hereby ORDERED pursuant to Fed. R. Civ. P. 16(b) and Local Rule 16(f) that:

      1.    Defendants and Relief Defendant shall respond to the Complaint by June 1, 2005.

      2.    Any Motion to Amend the pleadings, or any Motion to File additional pleadings shall be filed by July 20, 2005, and responses shall be filed as required by the applicable provisions of the Federal Rules of Civil Procedure.

      3.    The parties shall by June 2, 2005 make the automatic document disclosure required by Local Rule 26.2(A) and, if applicable, disclose the information required by Local Rule 35.1.

      4.    All dispositive motions except motions for summary judgment shall be filed by June 2, 2005 and responses shall be filed fourteen days thereafter pursuant to Local Rule 7.1.

      5.    Fact discovery shall be complete by January 20, 2006.

      6.      Plaintiff(s) and/or Counterclaim or Third Party Plaintiff(s) shall by February 11, 2006 designate experts and disclose the information described in Fed. R. Civ. P. 26(a)(2), concerning each expert. Each other party shall by March 10, 2006 designate expert(s) and disclose the information described in Fed. R. Civ. P. 26(a)(2).

      7.      All discovery shall be complete by March 23, 2006.

      8.      Counsel for the parties shall confer and, by April 10, 2006, file a report as to the prospects for settlement and whether either party feels there is a proper basis for filing a motion for summary judgment.

      9.      A scheduling conference will be held on April 12, 2006 at 10:00 a.m. and must be attended by trial counsel will full settlement authority or with their client(s). If appropriate, a schedule for filing motions for summary judgment will be established at this conference.

      10.      A final pretrial conference will be held on June 5, 2006 at 10:00 a.m. and must be attended by trial counsel with full settlement authority or with their client. Counsel shall be prepared to commence trial as of the date of the final pretrial conference.

      11.      Trial shall commence on June 12, 2006.

All provisions and deadlines contained in this Order having been established with the participation of the parties to this case, any requests for modification must be presented to the judge or magistrate judge, if referred for case management proceedings. Any requests for extension will be granted only for good cause shown supported by affidavits, other evidentiary materials, or reference to pertinent portions of the record. The request shall be made by motion and shall contain the reasons for the request, a summary of the discovery which remains to be taken, and a date certain when the requesting party will complete the additional discovery.

Counsel are encouraged to seek an early resolution of this matter. Additional case management conferences may be scheduled by the Court or upon the request of counsel.

                                              By the Court,
                                              DENNIS P. O'LEARY

_____          _____
Date                                                    Deputy Clerk