UNITES STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
SECURITIES AND EXCHANGE COMMISSION,          )
                                            )
            Plaintiff,                       )
                                            )
      v.                                     )
                                            )
AMIT MATHUR, and                             )   CIVIL ACTION
ENTRUST CAPITAL MANAGEMENT, INC.,            )   NO. 05 CV 10729-MLW
                                            )
            Defendant,                       )
                                            )
      and                                    )
                                            )
AMR REALTY, LLC                              )
                                            )
            Relief Defendant.                )
_____)

**DEFENDANT ENTRUST CAPITAL MANAGEMENT, INC.'S
<u>ANSWER TO PLAINTIFF'S COMPLAINT</u>**

Pursuant to Federal Rules of Civil Procedure 8 and 12, defendant Entrust Capital Management, Inc. ("Defendant"), by and through its undersigned counsel, hereby answers the allegations of the Complaint ("Complaint") and asserts its affirmative defenses.

1.     Paragraph 1 of the Complaint identified as a Preliminary Statement is in the nature of an introductory paragraph and requires no answer. To the extend paragraph 1 contains any allegations of facts, they are denied.

2.     The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. Paragraph 3 contains legal conclusions, and therefore, no answer is required. To the extent paragraph 3 contains facts, the Defendant denies the allegations contained in paragraph 3.

4. Paragraph 4 contains legal conclusions, and therefore, no answer is required. To the extent paragraph 4 contains facts, the Defendant denies the allegations contained in paragraph 4.

5. The Defendant admits the allegations contained in the first sentence of Paragraph 5. The Defendant denies the allegations contained in the second sentence of paragraph 5.

6. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, except admits Amit Mathur ("Mathur") is a co-owner of Entrust.

7. The Defendant admits that it is a Massachusetts corporation with offices in Worcester, Massachusetts and West Monroe, Louisiana. The Defendant further admits that Mathur operates the Massachusetts office, while his partner, Rajeev Johar ("Johar"), operates the Louisiana office. The remaining allegations contained in paragraph 7 are legal conclusions to which no response is required.

8. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. The Defendant denies the last sentence of paragraph 9. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9.

10. The Defendant admits that Entrust's basic fee structure calls for a management fee of 1% of assets under management and a performance fee of 10% of the profits generated. The Defendant denies the remaining allegations contained in paragraph 10.

11. The Defendant admits that Entrust purchases and holds marketable securities in a brokerage account at Kimball & Cross Investment Management Corp. ("K&C"), a registered broker dealer. The K&C brokerage account is the only account that Entrust has used to buy and sell securities, including equities and options, since at least September 2001. The Defendant denies the remaining allegations contained in paragraph 11.

12. The Defendant denies the allegations contained in paragraph 12.

13. To the extent the allegations contained in paragraph 13 are derived from documents, those documents speak for themselves.

14. The Defendant denies the allegations contained in paragraph 14.

15. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18. The Defendant denies the allegations contained in paragraph 18.

19. The Defendant admits Entrust maintained bank accounts at Commerce Bank in Worcester. The Defendant denies the remaining allegations contained in paragraph 19.

20. The Defendant denies the allegations contained in paragraph 20.

21. The Defendant denies the allegations contained in paragraph 21.

22. The Defendant denies the allegations contained in paragraph 22.

23. The Defendant denies the allegations contained in paragraph 23.

24. The Defendant denies the allegations contained in paragraph 24.

25. The Defendant admits that David Massad made redemptions from Entrust, but deny the amount redeemed. The Defendant is without sufficient information to either admit or deny what David Massad believed. To the extent that the allegations in the third sentence of paragraph 25 are derived from documents, those documents speak for themselves.

26. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27. The Defendant denies the allegations contained in paragraph 27.

28. The Defendant denies the allegations contained in paragraph 28, except admits that the K&C brokerage account in which securities were traded suffered losses.

29. The Defendant denies the allegations contained in paragraph 29. To the extent the allegations contained in paragraph 29 are derived from documents, those documents speak for themselves.

30. The Defendant denies the allegations contained in paragraph 30.

31.     The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32.     The Defendant denies that Mathur knowingly, intentionally or recklessly made any false or misleading statements to David Massad or Philip Massad. The Defendant admits that a substantial portion of David Massad's and Philip Massad's investments declined in value. The Defendant admits that the K&C account in which securities trading took place with investor funds did suffer losses. The remainder of the allegations in paragraph 32 are denied.

33.     The Defendant denies that both Pamela Massad and Benoit made investments with Entrust after receiving false and misleading account statements from Mathur and Entrust. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 33.

34.     The Defendant denies the allegations contained in paragraph 34.

35.     The Defendant denies the allegations contained in paragraph 35.

36.     The Defendant denies the allegations contained in paragraph 36.

37.     The Defendant denies the allegations contained in paragraph 37.

38.     The Defendant denies the allegations contained in paragraph 38.

39.     The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 39. The Defendant denies the remaining allegations in paragraph 39.

40.     The Defendant denies the allegations contained in paragraph 40.

41.     The Defendant denies the allegations contained in paragraph 41.

42.     The Defendant denies the allegations contained in paragraph 42.

43. The Defendant denies the allegations contained in paragraph 43, but admits that Mathur made withdrawals from the Entrust account. Further answering, the Defendant states that Mathur deposited other funds into the Entrust account. The Defendant also admits that it granted a mortgage to Mathur secured by Mathur's residence, which was later discharged when no money was actually transferred to Mathur.

44. The Defendant denies the allegations contained in paragraph 44.

45. The allegations contained in paragraph 45 are legal conclusions to which no response is required.

## FIRST CLAIM FOR RELIEF
## AGAINST MATHUR AND ENTRUST
### Fraud in the Offer and Sale of Securities
### [Violation of Section 17(a) of the Securities Act]

46. Entrust incorporates each and every response set forth in paragraphs 1 through 45 as if fully set forth herein.

47. The Defendant denies the allegations contained in paragraph 47.

48. The Defendant denies the allegations contained in paragraph 48.

## SECOND CLAIM FOR RELIEF
## AGAINST MATHUR AND ENTRUST
### Fraud in Connection with the Purchase and Sale of Securities
### [Violation of Section 10(b) of the Exchange Act and Rule 10b-5]

49. Entrust incorporates each and every response set forth in paragraphs 1 through 48 as if fully set forth herein.

50. The Defendant denies the allegations contained in paragraph 50.

51. The Defendant denies the allegations contained in paragraph 51.

### THIRD CLAIM FOR RELIEF
### AGAINST MATHUR AND ENTRUST
**Fraudulent Scheme or Device By an Investment Advisor**
**[Violation of Section 206(1) of the Advisers Act]**

52.   Entrust incorporates each and every response set forth in paragraphs 1 through 51 as if fully set forth herein.

53.   The Defendant denies the allegations contained in paragraph 53.

54.   The Defendant denies the allegations contained in paragraph 54.

### FOURTH CLAIM FOR RELIEF
### AGAINST MATHUR AND ENTRUST
**Fraudulent Transaction, Practice, or Course of Business By an Investment Adviser**
**[Violation of Section 206(2) of the Advisors Act]**

55.   Entrust incorporates each and every response set forth in paragraphs 1 through 54 as if fully set forth herein.

56.   The Defendant denies the allegations contained in paragraph 56.

57.   The Defendant denies the allegations contained in paragraph 57.

### FIFTH CLAIM FOR RELIEF
### AGAINST MATHUR
**Fraudulent Scheme or Device By an Investment Advisor**
**[Aiding and Abetting Violation of Section 206(1) of the Advisors Act]**

58.   Entrust incorporates each and every response set forth in paragraphs 1 through 57 as if fully set forth herein.

59.   The Defendant denies the allegations contained in paragraph 59.

60.   The Defendant denies the allegations contained in paragraph 60.

61.   The Defendant denies the allegations contained in paragraph 61.

## SIXTH CLAIM FOR RELIEF
## AGAINST MATHUR
**Fraudulent Transaction, Practice, or Course of Business By an Investment Adviser**
**[Aiding and Abetting Violation of Section 206(2) of the Advisers Act]**

62. Entrust incorporates each and every response set forth in paragraphs 1 through 61 as if fully set forth herein.

63. The Defendant denies the allegations contained in paragraph 63.

64. The Defendant denies the allegations contained in paragraph 64.

65. The Defendant denies the allegations contained in paragraph 65.

## SEVENTH CLAIM
## (Unjust Enrichment of Relief Defendant AMR Realty)

66. Entrust incorporates each and every response set forth in paragraphs 1 through 65 as if fully set forth herein.

67. The Defendant denies the allegations contained in paragraph 67.

68. The Defendant denies the allegations contained in paragraph 68.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against the Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Defendant denies making any misrepresentations or omissions alleged in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

The Defendant had no duty to disclose any allegedly omitted information.

### FOURTH AFFIRMATIVE DEFENSE

If any alleged misrepresentation or omission occurred, which the Defendant denies, it was not material as a matter of law.

### FIFTH AFFIRMATIVE DEFENSE

The Defendant did not act with scienter.

### SIXTH AFFIRMATIVE DEFENSE

If anyone suffered cognizable damages, which the Defendant denies, those damages resulted from causes other than any alleged act or omission by the Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to comply with Federal Rule of Civil Procedure 9(b).

### EIGHTH AFFIRMATIVE DEFENSE

The Defendant complied faithfully with all duties of disclosure to which he was subject, and breached no duty of disclosure applicably to them.

WHEREFORE, the Defendant respectfully requests that this Court:

(1) Award the Defendant its reasonable attorneys fees, costs, and expenses incurred in the defense of this action; and

(2) Award the Defendant whatever further and additional relief this Court deems fair and just.

## **JURY DEMAND**

Defendant Entrust Capital Management, Inc. demands a trial by jury.

>Respectfully submitted,
>
>ENTRUST CAPITAL
>MANAGEMENT, INC.,
>
>By its attorney,
>
>
>          /s/      John A. Sten          
>John A. Sten, Esq. (BBO# 629577)
>Greenberg Traurig, LLC
>One International Place, 20th Floor
>Boston, MA  02110
>Tele:  (617) 310-6000
>Fax:   (617)310-6001
>E-mail:  stenj@gtlaw.com

### **CERTIFICATE OF SERVICE**

   I, John A. Sten, hereby state that on June 3, 2005, I served by hand a true and correct copy of the foregoing upon all counsel of record.

>          /s/      John A. Sten          
>John A. Sten

bos-srv01\165272v01