UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SECURITIES AND EXCHANGE
COMMISSION,
    Plaintiff
v.

AMIT MATHUR and
ENTRUST CAPITAL MANAGEMENT,
INC.,
    Defendants
and

AMR REALTY, LLC,

    Relief Defendant.

No. 05-CV-10729 MLW

## ANSWER OF DEFENDANT AMIT MATHUR

The defendant Amit Mathur hereby answers the Complaint of the plaintiff Securities and Exchange Commission ("SEC" or the "Commission") as follows:

### PRELIMINARY STATEMENT

1.    Paragraph 1 of the Complaint identified as a Preliminary Statement is in the nature of an introductory paragraph and requires no answer. To the extent paragraph 1 contains any allegations of fact, they are denied.

2.    Mathur admits that he formed relief defendant AMR and is its managing member. Mathur admits that AMR was used to make some real estate investments for the defendant Entrust Capital Management, Inc. ("Entrust"). The remainder of the allegations contained in paragraph 2 of the Complaint are denied.

3.    Paragraph 3 contains legal conclusions, and as such, no answer is required. To the extent paragraph 3 contains allegations of fact, they are denied..

4.  Paragraph 4 is a request for relief, and therefore, no response is required. To the extent paragraph 4 contains allegations of fact, they are denied.

## JURISDICTION

5.  Mathur admits that this court has subject matter jurisdiction over this matter and personal jurisdiction over him.

## DEFENDANTS

6.  Mathur admits the allegations contained in the first sentence of paragraph 6. Further answering, Mathur admits that he is the founder, principal and owner of AMR and that he is a co-owner of Entrust. The third sentence of paragraph 6 contains conclusions of law, and therefore no response is required; any allegations of fact in that sentence are denied. Further answering, Mathur admits that during his April 1, 2005 testimony in front of the Commission, he asserted his Fifth Amendment right against self-incrimination with regards to certain subject areas including those relating to: (1) the operations and activities of Entrust and AMR; (2) uses of investor funds by Mathur, Entrust and AMR; and (3) statements that Mathur, Entrust or AMR made to investors.

7.  Mathur admits that Entrust operates an office in Worcester, Massachusetts of which Mathur is the manager. Mathur also admits that Rajeev Johar ("Johar"), Mathur's partner in Entrust, operates out of Louisiana. The last sentence of paragraph 7 contains conclusions of law and therefore, no response is required; all allegations of fact in that sentence are denied.

## RELIEF DEFENDANT

8.  Mathur admits that AMR is a Massachusetts limited liability company established in 2003 and that AMR is in the business of developing real estate. Mathur also admits that he owns

and controls AMR and that the company was used to conduct some real estate investments for Entrust. The remainder of the allegations contained in paragraph 8 are denied.

## FACTS

9.  Mathur admits that he received money from clients, but denies the number of clients and the amount of money received. Further answering Mathur states that Entrust used some funds to invest in marketable securities and to buy and develop real estate. Mathur also admits that Entrust commingled some of the monies into a single bank account. The remainder of the allegations contained in paragraph 9 are denied.

10. Mathur admits the allegations contained in the first sentence of paragraph 10 of the Complaint. To the extent the allegations contained in the second sentence of paragraph 10 are drawn from a document, that document speaks for itself.

### Entrust's Investments in Marketable Securities

11. Mathur admits the allegations contained in the first sentences of paragraph 11. Mathur admits that that the account held at Kimball & Cross Investment Management Corp. ("K&C") was one of the accounts used for buying and selling securities. Mathur admits the allegations in the third sentence of paragraph 11 insofar as the K & C account was one of the accounts in which securities trading was conducted. Further answering Mathur states that client funds were transferred from an account held at Commerce Bank and Trust Company ("Commerce Bank") located in Worcester, Massachusetts into the K&C account. The remainder of the allegations contained in paragraph 11 are denied.

12. Mathur admits that Entrust clients suffered losses as a result of the securities-related trading in the K&C brokerage account, but denies the amount. Mathur admits that the trading activity yielded losses in certain quarters from January 2002 through January 2005, but denies

the amount. Mathur denies that Mathur intentionally hid the negative performance from any Entrust client.

13. To the extent the allegations contained in paragraph 13 are derived from documents, those documents speak for themselves.

14. The allegations contained in paragraph 14 of the Complaint are denied.

### Entrust's Real Estate Ventures

15. Mathur admits that he transferred funds into AMR's account held at Commerce Bank, but denies the amount. Mathur admits that he used AMR as a vehicle for investing some funds of Entrust in real estate ventures. The remainder of the allegations contained in paragraph 15 are denied.

16. Mathur admits that, using Entrust funds and bank loans, AMR purchased at least 3 properties in Worcester Massachusetts. Mathur admits the allegations contained in the second, third and fourth sentences of paragraph 16. The remainder of the allegations contained in paragraph 16 are denied.

17. Mathur admits the allegations contained in the first and second sentences of paragraph 17. Mathur denies that he did not receive any compensation for his work on AMR's real estate projects.

18. The allegations contained in Paragraph 18 of the Complaint are denied.

### Entrust and AMR Realty Bank Accounts

19. Mathur admits that Entrust and AMR maintained separate bank accounts at Commerce Bank in Worcester, Massachusetts. Mathur also admits that client funds were deposited into the Entrust account prior to being invested. Further answering, Mathur states that commissions earned from trading activity in the K&C brokerage account, which Mathur earned pursuant to

Entrust's agreement with investors, were also deposited into the Entrust account. Mathur admits that he paid certain personal expenses from the Entrust account. The remainder of the allegations contained in paragraph 19 are denied.

### Entrust and Mathur's Material Misrepresentations to Investors

20.   The allegations contained in the first sentence of paragraph 20 are denied. Further answering Mathur denies the amount of funds allegedly invested, and the amount of funds allegedly invested attributable to the so-called "Core Investors".

21.   Mathur denies that he knowingly, intentionally or recklessly provided false written and oral statements to the so-called "Core Investors".

22.   Mathur denies that he hid trading losses to the so-called "Core Investors" and denies that he intentionally led them to believe that the combined worth of their investments as of December 31, 2004 was greater than $8 million. Further answering, Mathur states that the balance of the K&C account had experienced losses. Mathur denies the allegations contained in the third sentence of paragraph 22.

### Misrepresentations to David Massad and Philip Massad

23.   Mathur admits that David Massad is a business owner in the Worcester area who invested money with Entrust through Mathur. Mathur denies the amount of David Massad's investment.

24.   Mathur denies the allegations contained in paragraph 24 of the Complaint. Further answering, Mathur states that he did not generate any false or misleading documents that were provided to any investor, including David Massad.

25.   Mathur admits that David Massad made redemptions from Entrust, but denies the amount redeemed. Mathur is without sufficient information to either admit or deny what David Massad

believed. To the extent that the allegations in the third sentence of paragraph 25 are derived from documents, those documents speak for themselves.

26. The allegations contained in Paragraph 26 are admitted, except Mathur denies the amount of Philip Massad's investment.

27. Mathur is without sufficient information to either admit or deny what Philip Massad received. Further answering, Mathur denies that Mathur knowingly, intentionally or recklessly provided false information to Philip Massad. To the extent the remaining allegations contained in paragraph 27 are derived from documents, those documents speak for themselves.

28. To the extent the allegations contained in paragraph 28 are derived from documents, those documents speak for themselves. Further answering, Mathur states that Mathur did not generate any materials that were intended to intentionally misrepresent information to Philip Massad regarding his investments. Mathur admits that the K&C brokerage account in which securities were traded suffered losses. Mathur also admits that Philip Massad continued to invest money in Entrust.

29. To the extent the allegations contained in paragraph 29 reference or are derived from documents, those documents speak for themselves. Further answering, Mathur denies that he knowingly, intentionally or recklessly provided false information to Philip Massad.

30. Mathur denies that he conveyed any information to Philip Massad or David Massad regarding their accounts that was intentionally fraudulent.

31. The allegations contained in Paragraph 31 of the Complaint are admitted.

32. Mathur denies that he knowingly, intentionally or recklessly made any false or misleading statements to David Massad or Philip Massad. Mathur admits that a substantial portion of David Massad's and Philip Massad's investments were lost through poor trading.

Mathur admits that the K & C account in which securities trading took place with investor funds did suffer losses. The remainder of the allegations in paragraph 32 are denied.

### Misrepresentations to Pamela Massad and Suzanne Benoit

33.    Mathur admits that Pamela Massad and Suzanne Benoit are attorneys in Worcester. Further answering, Mathur admits that Pamela Massad and Suzanne Benoit invested funds with Entrust through Mathur. Mathur denies that he knowingly, intentionally or recklessly provided Pamela Massad or Suzanne Benoit with false or misleading information. The remainder of the allegations contained in paragraph 33 are denied.

34.    To the extent that the allegations contained in paragraph 33 reference or are derived from documents, those documents speak for themselves. Mathur is without sufficient knowledge to either admit or deny what Pamela Massad or Suzanne Benoit actually received. Mathur denies that he knowingly, intentionally or recklessly provide false information to Pamela Massad or Suzanne Benoit. The remainder of the allegations contained in paragraph 34 are denied.

35.    To the extent the allegations contained in paragraph 35 are derived from documents, those documents speak for themselves. Further answering, Mathur states that he did not generate any materials that were intended to intentionally misrepresent information to Pamela Massad regarding her investments. Mathur admits that the K&C brokerage account in which securities were traded suffered losses. The remainder of the allegations contained in paragraph 35 are denied.

36.    To the extent the allegations contained in paragraph 36 are derived from documents, those documents speak for themselves. Further answering, Mathur states that he did not generate any materials that were intended to intentionally misrepresent information to Pamela Massad regarding her investments. Mathur admits that the K&C brokerage account in which securities

were traded suffered losses. Mathur denies the characterization of the value of the K & C account at year end in 2004. The remainder of the allegations contained in paragraph 36 are denied.

37. To the extent the allegations contained in paragraph 37 are derived from documents, those documents speak for themselves. Further answering, Mathur states that he did not generate any materials that were intended to intentionally misrepresent to Suzanne Benoit information regarding her investments. Mathur admits that the K&C brokerage account in which securities were traded suffered losses. The remainder of the allegations contained in paragraph 37 are denied.

38. To the extent the allegations contained in paragraph 38 are derived from documents, those documents speak for themselves. Further answering, Mathur states that he did not generate any materials that were intended to intentionally misrepresent to Suzanne Benoit information regarding her investments. Mathur admits that the K&C brokerage account in which securities were traded suffered losses. The remainder of the allegations contained in paragraph 38 are denied.

39. Mathur admits the allegations contained in the first sentence of paragraph 39. Further answering, Mathur denies that he knowingly, intentionally or recklessly made any false or misleading statements to Pamela Massad or Suzanne Benoit. Mathur admits that a substantial portion of Pamela Massad or Suzanne Benoit's investments were lost through poor trading. Mathur admits that the K & C account, in which securities trading took place with investor funds, did suffer losses. The remainder of the allegations contained in paragraph 39 are denied.

### Entrust's Unauthorized Uses of Investor Funds

40. The allegations contained paragraph 40 of the Complaint are denied.

41. The allegations contained paragraph 41 of the Complaint are denied.

### Mathur's Misappropriation of Client Funds for Personal Gain

42. The allegations contained paragraph 42 of the Complaint are denied.

43. Mathur denies the allegations contained in the first sentence of paragraph 43. Further answering, Mathur states that Mathur deposited other funds into the Entrust account which were not investor funds, including earned commission payments. Mathur denies the allegations contained in the second sentence of paragraph 43 to the extent that they suggest that Mathur intentionally misappropriated client funds. Further answering, Mathur admits that he made withdrawals from the Entrust account by checks payable to himself, and from ATM machines. Mathur also admits that Entrust granted a mortgage to Mathur secured by Mathur's residence, which was later discharged when no money was actually transferred to Mathur. Mathur denies the allegations contained in sentence 8 of paragraph 43 and further answers that Mathur did not intentionally use any client funds for any of his personal expenditures. The remainder of the allegations contained in paragraph 43 are denied.

44. Mathur admits that some of the funding for AMR's real estate investments consisted of funds from Entrust. Further answering, Mathur admits that AMR was established as a vehicle to invest some funds of Entrust in real estate investments. Mathur denies the allegations contained in the third, fourth and fifth sentences of paragraph 44, and further answer that Mathur did not intentionally use any client funds for any personal expenditures. The remainder of the allegations contained in paragraph 44 are denied.

### PENALTIES

45. Paragraph 45 contains conclusions of law to which no response is required. To the extent paragraph 45 contains any allegations of fact, they are denied.

## FIRST CLAIM FOR RELIEF
## AGAINST MATHUR AND ENTRUST
### Fraud in the Offer and Sale of Securities
### [Violation of Section 17(a) of the Securities Act]

46. Mathur repeats and incorporates by reference his answer to the allegations contained in paragraphs 1-45 of the Complaint as if fully set forth herein.

47. The allegations contained in paragraph 47 of the Complaint are denied.

48. Paragraph 48 contains conclusions of law to which no response is required. To the extent paragraph 48 contains any allegations of fact, they are denied.

## SECOND CLAIM FOR RELIEF
## AGAINST MATHUR AND ENTRUST
### Fraud in Connection with the Purchase and Sale of Securities
### [Violation of Section 10(b) of the Exchange Act and Rule 10b-5]

49. Mathur repeats and incorporates by reference his answer to the allegations contained in paragraphs 1-48 of the Complaint as if fully set forth herein.

50. The allegations contained in paragraph 50 of the Complaint are denied.

51. Paragraph 51 contains conclusions of law to which no response is required. To the extent paragraph 51 contains any allegations of fact, they are denied.

## THIRD CLAIM FOR RELIEF
## AGAINST MATHUR AND ENTRUST
### Fraudulent Scheme or Device by an Investment Advisor
### [Violation of Section 206(1) of the Advisors Act]

52. Mathur repeats and incorporates by reference his answer to the allegations contained in paragraphs 1-51 of the Complaint as if fully set forth herein.

53. The allegations contained in paragraph 53 of the Complaint are denied

54. Paragraph 54 contains conclusions of law to which no response is required. To the extent paragraph 54 contains any allegations of fact, they are denied.

## FOURTH CLAIM FOR RELIEF
## AGAINST MATHUR AND ENTRUST
### Fraudulent Transaction, Practice, or Course of Business by an Investment Advisor
### [Violation of Section 206(2) of the Advisor's Act]

55.     Mathur repeats and incorporates by reference his answer to the allegations contained in paragraphs 1-54 of the Complaint as if fully set forth herein.

56.     The allegations contained in paragraph 56 of the Complaint are denied.

57.     Paragraph 57 contains conclusions of law to which no response is required. To the extent paragraph 57 contains any allegations of fact, they are denied.

## FIFTH CLAIM FOR RELIEF
## AGAINST MATHUR
### Fraudulent Scheme or Device by an Investment Advisor
### [Aiding and Abetting Violation of Section 206(1) of the Advisor's Act]

58.     Mathur repeats and incorporates by reference his answer to the allegations contained in paragraphs 1-57 of the Complaint as if fully set forth herein.

59.     The allegations contained in paragraph 59 of the Complaint are denied.

60.     The allegations contained in paragraph 60 of the Complaint are denied.

61.     Paragraph 61 contains conclusions of law to which no response is required. To the extent paragraph 61 contains any allegations of fact, they are denied.

## SIXTH CLAIM FOR RELIEF
## AGAINST MATHUR
### Fraudulent Transaction, Practice, or Course of Business by an Investment Advisor
### [Aiding and Abetting Violation of Section 206(2) of the Advisor's Act]

62.     Mathur repeats and incorporates by reference his answer to the allegations contained in paragraphs 1-61 of the Complaint as if fully set forth herein.

63.     The allegations contained in paragraph 63 of the Complaint are denied.

64.  The allegations contained in paragraph 64 of the Complaint are denied.

65.  Paragraph 65 contains conclusions of law to which no response is required. To the extent paragraph 65 contains any allegations of fact, they are denied.

### SEVENTH CLAIM
### (Unjust Enrichment of Relief Defendant AMR Realty)

66.  Mathur repeats and incorporates by reference his answer to the allegations contained in paragraphs 1-65 of the Complaint as if fully set forth herein.

67.  The allegations contained in paragraph 67 of the Complaint are directed to and pertain to relief defendant AMR, and therefore no answer is required. To the extent that the allegations contained in paragraph 67 are directed to or pertain to Mathur, those allegations are denied.

68.  Paragraph 68 contains conclusions of law to which no response is required. To the extent paragraph 68 contains any allegations of fact, they are denied.

The remainder of the Complaint are Prayers for Relief, to which no answer is required.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Commission has not stated a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Commission's claims are barred under the doctrines of waiver and estoppel.

### THIRD AFFIRMATIVE DEFENSE

The Commission's claim against Mathur for violations of section 17(a) of the Securities Act fails as a matter of law because Mathur's conduct was not intentional, knowing or reckless.

### FOURTH AFFIRMATIVE DEFENSE

The Commission's claim against Mathur for violations of section 10(b) of the Securities Act and Rule 10b-5 fails as a matter of law because Mathur's conduct was not intentional, knowing or reckless.

### FIFTH AFFIRMATIVE DEFENSE

The Commission's claim against Mathur for violations of section 206(1) of the Advisors Act fails as a matter of law because Mathur's conduct was not intentional, knowing or reckless.

### SIXTH AFFIRMATIVE DEFENSE

The Commission's claim against Mathur for violations of section 206(2) of the Advisors Act fails as a matter of law because Mathur's conduct was not intentional, knowing or reckless.

### SEVENTH AFFIRMATIVE DEFENSE

The Commission's claim against Mathur for aiding and abetting violations of section 206(1) of the Advisors Act fails as a matter of law because to the extent Entrust's conduct violated the statute, Mathur did not know or was not reckless in not knowing that Entrust's conduct was improper.

### EIGHTH AFFIRMATIVE DEFENSE

The Commission's claim against Mathur for aiding and abetting violations of section 206(1) of the Advisors Act fails as a matter of law because to the extent Entrust's conduct violated the statute, Mathur did not knowingly or substantially assist Entrust's in defrauding any clients.

## NINTH AFFIRMATIVE DEFENSE

The Commission's claim against Mathur for aiding and abetting violations of section 206(2) of the Advisors Act fails as a matter of law because to the extent Entrust's conduct violated the statute, Mathur did not know or was not reckless in not knowing that Entrust's conduct was improper.

## TENTH AFFIRMATIVE DEFENSE

The Commission's claim against Mathur for aiding and abetting violations of section 206(2) of the Advisors Act fails as a matter of law because to the extent Entrust's conduct violated the statute, Mathur did not knowingly or substantially assist Entrust in defrauding any clients.

## ELEVENTH AFFIRMATIVE DEFENSE

The Commission's claims against Mathur fail as a matter of law because there was no device scheme or artifice to defraud.

## TWELFTH AFFIRMATIVE DEFENSE

The Commission's claims against Mathur fail as a matter of law because there was no plan to defraud investors.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Commission's claims against Mathur must be dismissed because the Commission did not plead the elements of the allegedly fraudulent conduct with particularity pursuant to Fed. R. Civ. P. 9(b).

Respectfully submitted,

**AMIT MATHUR**
by his attorneys,


/s/ Gary C. Crossen
Gary C. Crossen, BBO No. 106580
gcrossen@rubinrudman.com
Nur-ul-Haq, BBO No. 647448
nurulhaq@rubinrudman.com
Rubin and Rudman LLP
50 Rowes Wharf
Boston, MA 02110
(617) 330-7000
(617) 439-9556 (facsimile)

Dated: June 3, 2005