UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>    Plaintiff<br>v.<br><br>AMIT MATHUR and<br>ENTRUST CAPITAL MANAGEMENT, INC.,<br>    Defendants<br>and<br><br>AMR REALTY, LLC,<br><br>    Relief Defendant. | No. 05-CV-10729 MLW |

### EMERGENCY JOINT MOTION OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION, DEFENDANT AMIT MATHUR AND RELIEF DEFENDANT AMR REALTY LLC FOR LIMITED RELIEF FROM ORDER OF PRELIMINARY INJUNCTION

The plaintiff Securities and Exchange Commission ("SEC" or the "Commission"), the defendant Amit Mathur and relief defendant AMR Realty LLC ("AMR") hereby jointly move for limited relief from the Order of Preliminary Injunction entered by this court on April 19, 2005 (the "Injunction Order"), as outlined in the attached Proposed Order, so that Mathur, acting on behalf of AMR, may assign a purchase and sale agreement for certain property located in Holden, Massachusetts, the proceeds of which assignment shall be deposited in an escrow account at Rubin and Rudman LLC pending this action. In further support of this Emergency Joint Motion, the parties state the following:

1.   Ramon Frias ("Frias"), acting on behalf of AMR, executed a purchase and sale agreement ("P & S Agreement") on October 12, 2004 for the purchase of certain real property, specifically

three parcels ("Parcel #1", "Parcel #2", "Parcel #3" and Parcel #4 respectively) located on or near Mark Circle, Holden, Massachusetts for $435,000.00. A non-refundable deposit of $10,000.00 was made as consideration for the P & S Agreement by Mathur on behalf of AMR. The source of the funds for the deposit came from the AMR bank account held at Commerce Bank and Trust Co. in Worcester Massachusetts, and referenced in the Injunction Order.

2.      The closing on the sale was to occur within 30 days of the satisfaction of certain conditions regarding the property, such as the application for approvals and permits, the undertaking of engineering studies and the payment of other fees and costs. Under the above specified terms setting the closing date, the original closing date was set for May 27, 2005.

3.      Due to the pendency of this action and the terms of the Injunction Order, AMR was unable to consummate the sale on that date. Instead, AMR sought an extension of time for the closing so that it could negotiate an assignment of the P & S Agreement so as not to lose the non-refundable deposit, to recoup the costs of the engineering studies and permit applications, and to obtain further funds. The new closing date was set for Friday, June 24, 2005.

4.      Mathur, on behalf of AMR has successfully negotiated an assignment of the P & S Agreement to a third party bona fide purchaser for value, with no affiliation or agency relationship to AMR, Mathur, or the defendant Entrust Capital Management, Inc. ("Entrust"), as evidenced through the Affidavit of Richard V. Tedesco and the Affidavit of Jayson M. LaBoeuf, attached hereto as Exhibits 1 and 2, respectively. The consideration for the assignment shall be $500,000.00, which consists of $425,000 for the assignee to take advantage of the purchase opportunity and $75,000 as compensation for the assignment. Under the terms of the assignment, $425,000.00 of the funds will be applied towards the purchase of the Parcel #1, Parcel #2, Parcel #3 and Parcel #4. The remaining $75,000.00 will be payable to AMR

("Remaining Funds"). The assignment will be effective upon the date of the closing and the payment will take place contemporaneous with the closing.

5. All of the Remaining Funds from the assignment will be transferred from AMR into an escrow account held at Rubin and Rudman, LLP and may be used in the event the court orders any fees, penalties, restitution or disgorgement pursuant to the Commission's requests for relief specified in its Complaint. None of the proceeds from the assignment, either the $425,000 purchase price, or the $75,000 Remaining Funds, will be distributed for the use of Mathur personally, of AMR, of Entrust or for the use of any other related person or entity.

6. In order to complete the assignment of the P & S Agreement and close on the sale of the property, Mathur and AMR request that the court grant limited relief from the Injunction Order, permitting the assignment and payment by the third party assignee of the $425,000.00 purchase price as well as the transfer of the Remaining Funds to AMR, which Remaining Funds would then be deposited in the escrow account, in accordance with the Proposed Order attached hereto.

7. No party will be prejudiced by the allowance of this Emergency Joint Motion.

**WHEREFORE,** the plaintiff Securities and Exchange Commission, the defendant Amit Mathur and relief defendant AMR Realty LLC request that the court allow their Emergency Joint Motion for Relief from the Injunction Order, in accordance with the Proposed Order attached hereto.

Respectfully submitted,

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION** by its attorneys, | **AMIT MATHUR and AMR REALTY LLC** by their attorneys |
| /s/ R. Daniel O'Connor | /s/ Gary C. Crossen |
| R. Daniel O'Connor, BBO No. 634207 | Gary C. Crossen, BBO No. 106580 |
| oconnord@sec.gov | gcrossen@rubinrudman.com |
| Steven Y. Quintero, BBO No. 632079 | Nur-ul-Haq, BBO No. 647448 |
| quinteros@sec.gov | nurulhaq@rubinrudman.com |
| Risa A. King, BBO No. 648217 | Rubin and Rudman LLP |
| Securities and Exchange Commission | 50 Rowes Wharf |
| 73 Tremont Street, 6th Floor | Boston, MA 02110 |
| Boston, MA 02108 | (617) 330-7000 |
| (617) 573-8979 | (617) 439-9556 (facsimile) |
| (617) 424-5940 (facsimile) | |

Dated: June 23, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SECURITIES AND EXCHANGE
COMMISSION,
    Plaintiff

v.

AMIT MATHUR and
ENTRUST CAPITAL MANAGEMENT,
INC.,
    Defendants
and

AMR REALTY, LLC,

    Relief Defendant.

No. 05-CV-10729 MLW

## [PROPOSED] ORDER ALLOWING LIMITED RELIEF FROM ORDER OF PRELIMINARY INJUNCTION

This court upon Joint Motion of the plaintiff Securities and Exchange Commission ("SEC" or the "Commission"), the defendant Amit Mathur ("Mathur") and relief defendant AMR Realty LLC ("AMR") hereby orders limited relief from the Order of Preliminary Injunction, entered April 19, 2005 as follows:

1.    Mathur, on behalf of AMR, may enter into an assignment, with an unrelated bona fide third party assignee, for approximately $500,000.00, of a Purchase and Sale Agreement, dated October 12, 2004, for the purchase of three parcels of land located on or near Mark Circle, Worcester, Massachusetts ("Parcel #1", "Parcel #2", "Parcel #3" and "Parcel #4" respectively).

2.    The proceeds of the assignment shall be distributed so that $425,000.00 shall be paid towards the purchase of the property at closing and the remaining proceeds, totaling approximately $75,000.00, shall be paid to AMR, to then be transferred into an escrow account held at Rubin and Rudman, LLP pending the resolution of this lawsuit.

656645_1

    3.    No proceeds of the assignment may be put to the use of Mathur personally, AMR, or the defendant Entrust Capital Management, Inc. or any other person or entity related or affiliated with the defendants or relief defendant.

**IT IS SO ORDERED.**

**ENTERED THIS ___ DAY OF JUNE, 2005.**

 

_____
Mark L. Wolf, District Judge

656645_1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SECURITIES AND EXCHANGE
COMMISSION,
    Plaintiff

v.

AMIT MATHUR and
ENTRUST CAPITAL MANAGEMENT,
INC.,
    Defendants

and

AMR REALTY, LLC,

    Relief Defendant.

No. 05-CV-10729 MLW

### AFFIDAVIT OF RICHARD V. TEDESCO

I, Richard V. Tedesco, being duly sworn, do depose and state as follows:

1. I will be the trustee of the Mark Circle Realty Trust ("MCR Trust"), a Massachusetts nominee realty trust to be established under declaration of trust and recorded with the Worcester District Registry of Deeds contemporaneously with my contemplated acquisition of the two (2) lots on Mark Circle, Holden, Massachusetts.

2. The beneficiaries of the MCR Trust will not include Amit Mathur ("Mathur"), AMR Realty, LLC ("AMR") or Entrust Capital Management, Inc. ("Entrust"), or any person or entity related to or affiliated with Mathur, AMR or Entrust. Mathur, AMR and Entrust, as well as any entity related to or affiliated with them will have no beneficial or other interest in the MCR Trust.

3. None of Mathur, AMR or Entrust will be a trustee of the MCR Trust, nor is any person or entity that is affiliated with or related to Mathur, AMR or Entrust a be trustee of the MCR Trust.

656706_1

1

06/23/05  16:05  FAX 5087979561          POJANI HURLEY RITTER & S                    ☒003

4.  The MCR Trust is to be one of the assignees under an assignment by AMR of a purchase and sale agreement for certain property ("Parcel #1", "Parcel #2", "Parcel #3" and "Parcel #4" respectively) located on or near Mark Circle, Holden, Massachusetts. MCR along with the other contemplated assignee, and Jayson M. LaBouef, Trustee of the J.M.L. Realty Trust ("JML Trust") will pay over to AMR the sum of $75,000.00 as consideration for the assignment ("Assignment Consideration"). Under the assignment, the MCR Trust and the JML Trust will purchase Parcel #1, Parcel #2, Parcel #3 and Parcel #4 entirely for their own benefit and interest. There shall be no benefit or interest in the Parcel #1, Parcel #2, Parcel #3 and Parcel #4 attributable to Mathur, AMR, Entrust, or any person or entity related to or affiliated with Mathur, AMR or Entrust.

5.  Aside from the Assignment Consideration referenced above, the MCR Realty trust shall not make any other payments to AMR, or to Mathur, Entrust or any person or entity related to or affiliated with Mathur, AMR or Entrust. Aside from the consideration due under the assignment, the MCR Trust does not have any outstanding debts owed to it by Mathur, AMR or Entrust, or any person or entity related to or affiliated with Mathur, AMR or Entrust, nor do Mathur, AMR or Entrust, or any person or entity related to or affiliated with Mathur, AMR or Entrust have any debts owed to them by the MCR Trust.

**Signed under the pains and penalties of perjury this** 23 **day of June, 2005.**

_____
Richard V. Tedesco,
as ~~Trustee~~ of the Marck Circle Realty Trust
INDIVIDUAL

656706_1                                2

JUN 23 2005 17:20                                                          5087979561          PAGE.03

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SECURITIES AND EXCHANGE
COMMISSION,
    Plaintiff
v.

AMIT MATHUR and
ENTRUST CAPITAL MANAGEMENT,
INC.,
    Defendants
and

AMR REALTY, LLC,

    Relief Defendant.

No. 05-CV-10729 MLW

### AFFIDAVIT OF JAYSON M. LaBOEUF

I, Jayson M. LaBoeuf, being duly sworn, do depose and state as follows:

1. I am a trustee of the J.M.L.Realty Trust ("JML Trust"), under declaration of trust dated December 15, 2000 and recorded with the Worcester District Registry of Deeds (the "Registry") in Book 23583, Page 396.

2. The beneficiaries of the JML Trust do not include Amit Mathur ("Mathur"), AMR Realty, LLC ("AMR") or Entrust Capital Management, Inc. ("Entrust"), or any person or entity related to or affiliated with Mathur, AMR or Entrust. Mathur, AMR and Entrust, as well as any entity related to or affiliated with them have no beneficial or other interest in the JML Trust.

3. None of Mathur, AMR or Entrust is a trustee of the JML Trust, nor is any person or entity that is affiliated with or related to Mathur, AMR or Entrust a trustee of the JML Trust.

4. The JML Trust is one of the assignees under an assignment by AMR of a purchase and sale agreement for certain property ("Parcel #1", "Parcel #2", "Parcel #3" and "Parcel #4" respectively) located on or near Mark Circle, Holden, Massachusetts. JML along with the other

656705_1    1

assignee, Richard V. Tedesco, Trustee of the Mark Circle Realty Trust ("MCR Trust") will pay over to AMR the sum of $75,000.00 as consideration for the assignment ("Assignment Consideration"). Under the assignment, the JML Trust and the MCR Trust will purchase Parcel #1, Parcel #2, Parcel #3 and Parcel #4 entirely for their own benefit and interest. There shall be no benefit or interest in the Parcel #1, Parcel #2, Parcel #3 and Parcel #4 attributable to Mathur, AMR, Entrust, or any person or entity related to or affiliated with Mathur, AMR or Entrust.

5. Aside from the Assignment Consideration referenced above, the JML Realty trust shall not make any other payments to AMR, or to Mathur, Entrust or any person or entity related to or affiliated with Mathur, AMR or Entrust. Aside from the consideration due under the assignment, the JML Trust does not have any outstanding debts owed to it by Mathur, AMR or Entrust, or any person or entity related to or affiliated with Mathur, AMR or Entrust, nor do Mathur, AMR or Entrust, or any person or entity related to or affiliated with Mathur, AMR or Entrust have any debts owed to them by the JML Trust.

Signed under the pains and penalties of perjury this 23 day of June, 2005.

_____
Jayson M. LaBouef,
as Trustee of the J.M.L. Realty Trust

656705_1                       2