# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : |
| AMIT MATHUR, RAJEEV JOHAR, and ENTRUST CAPITAL MANAGEMENT, INC. | : CIVIL ACTION<br>: NO. 05-cv-10729 MLW |
| Defendants, | : |
| and | : |
| AMR REALTY, LLC | : |
| Relief Defendant. | : |

## PRELIMINARY INJUNCTION ORDER, ORDER FREEZING ASSETS AND OTHER EQUITABLE RELIEF

Having considered the consented to Motion for a Preliminary Injunction, Order Freezing Assets and Other Equitable Relief filed by plaintiff Securities and Exchange Commission ("Commission"), as well as the Amended Complaint, and other evidentiary materials, and the Defendant Rajeev Johar ("Johar"), without admitting any of the allegations of the Amended Complaint, having consented to the entry of this Preliminary Injunction Order, Order Freezing Assets and Other Equitable Relief ("Order"), which consent is incorporated by reference herein, the Court finds that the Commission has made a proper showing, in support of its Motion, that: (I) a substantial likelihood exists that the Commission will succeed in proving that Defendant Johar, engaged in the violations alleged in the Amended Complaint; (ii) there is a reasonable likelihood that these violations will be repeated; (iii) unless restrained and enjoined by Order of



this Court, Defendant Johar may dissipate, conceal or transfer from the jurisdiction of this Court assets that could be subject to an order of disgorgement or an order to pay a civil monetary penalty in this action; and (iv) the entry of this Order against Defendant is necessary to preserve the status quo. In consideration of the foregoing:

I.

**IT IS HEREBY ORDERED** that Johar and each of his agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission or overnight delivery service, are preliminarily enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)] by, directly or indirectly, through the use of any means or instrumentalities of interstate commerce or the mails or of any facility of any national securities exchange,

(a) employing any device, scheme or artifice to defraud;

(b) obtaining any money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in the offer or sale of any securities.

II.

**IT IS HEREBY FURTHER ORDERED** that Johar and each of his agents, servants,

2

employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission or overnight delivery service, are preliminarily enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5] by, directly or indirectly, through the use of the means or instrumentalities of interstate commerce or of the mails or of any facility of any national securities exchange,

(a) employing any device, scheme or artifice to defraud;

(b) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

### III.

**IT IS HEREBY FURTHER ORDERED** that Johar and each of his agents, servants, employees, attorneys, successors or assigns, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission or overnight delivery service, are preliminarily enjoined from violating Sections 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§80b-6(1), (2)] by, directly or indirectly, using the mails or any means or instrumentality of interstate commerce to:

(a) employ any device, scheme, or artifice to defraud any client or prospective client; or

(b) engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

### IV.

**IT IS HEREBY FURTHER ORDERED** that:

A.   Johar, his officers, agents, servants, employees, attorneys, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission or overnight delivery service, and each of them, shall hold and retain all assets and funds of Johar presently held by them, under their direct or indirect control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, and shall prevent any withdrawal, sale, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance or diminution in value whatsoever of any and all such assets and funds, which are hereby frozen, that were acquired by Johar after June 1, 2000 but before July 1, 2005, including but not limited to, such funds held in the following accounts:

| **Institution** | **Account Name** | **Account No.** |
| --- | --- | --- |
| Commerce Bank & Trust | AMR Realty, LLC | 7190411 |
|  | Entrust Capital Management, Inc. | 7141763 |
| Community Trust Bank | Entrust Capital Management, Inc. | 2052628 |
| Kimball & Cross | Entrust Capital Management, Inc. | AD3-250031 |
| Bank of America | Entrust Capital Management, Inc. | 118-00293 |
| Regions Bank | Rajeev Johar | 4850749842 |

B.   All banks, brokerage and other financial institutions and other persons or entities which receive actual notice of this Order by personal service or otherwise, including facsimile

transmissions or overnight delivery service, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of Johar or over which Johar exercises actual or apparent investment or other authority, in whatever form such assets may exist and wherever located, including but not limited to all such funds held in the accounts listed in Paragraph IV(A) above, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets that were acquired after June 1, 2000.

C.   Provided however, that regardless of the above or below:

1.   Johar may expend up to $1,000 a week for reasonable expenses, so long as the funds do not come from any of the assets frozen by this Order that are in existence as of the date of this Order, or any funds derived from those assets (i.e. the money must be from a new source of income unrelated to the wrongdoing alleged in the Amended Complaint);

2.   Johar may establish a new bank account for the purposes of holding and expending the money described in the paragraph IV.C.1 that will be exempt from the freeze; and,

3.   Johar agrees that his receipt and expenditure of money will be subject to a reasonable audit by the Securities and Exchange Commission, which audit will not constitute a waiver of any rights that Johar may have under the Fifth Amendment to the Constitution.

V.

**IT IS HEREBY FURTHER ORDERED** that Johar and his agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmissions or

overnight delivery service, and each of them, are prohibited from accepting or depositing any monies obtained from actual or prospective investors pending the resolution of this action.

## VI.

**IT IS HEREBY FURTHER ORDERED** that Johar and his agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmissions or overnight delivery service, and each of them, shall, within five (5) days of receiving actual notice of this Order, take such steps as are necessary to repatriate and deposit into the registry of the Court in an interest bearing account, any funds or assets that were obtained directly or indirectly from investors that presently may be located outside of the United States.

## VII.

**IT IS FURTHER ORDERED** that Johar shall submit in writing and serve upon the Commission, within fifteen (15) business days following entry of this Order upon him, an accounting, which accounting will not constitute a waiver of any rights that Johar may have under the Fifth Amendment to the Constitution, identifying:

A.  all domestic and foreign bank, brokerage, or other financial institution accounts held by them or in their names, for their direct or indirect benefit, under their direct or indirect control, or over which they exercise actual or apparent investment or other authority; and

B.  assets of every type and description with a value of at least one thousand dollars ($1000) presently held for the direct or indirect benefit, or subject to the direct or indirect control, of Johar whether in the United States or elsewhere, and the names, and contact information of any individuals and/or entities having control over or interests in the assets.

## VIII.

**IT IS HEREBY FURTHER ORDERED** that Johar and his agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission or overnight delivery service, are hereby preliminarily enjoined from destroying, mutilating, concealing, altering, disposing, or transferring custody of any items, including but not limited to any books, records, documents, correspondence, contracts, agreements, assignments, obligations, tape recordings, computer media or other property relating to Johar, or the misconduct described in the Amended Complaint.

## IX.

**IT IS HEREBY FURTHER ORDERED** that Johar shall serve the accountings required herein on counsel for the Commission by messenger, overnight delivery service or by facsimile to R. Daniel O'Connor, U.S. Securities and Exchange Commission, 73 Tremont Street, 6th Floor, Boston, MA 02108, or at facsimile number (617) 424-5940.

## X.

**IT IS HEREBY FURTHER ORDERED** that this Preliminary Injunction shall remain in effect, unless modified after a motion by any of the parities, until entry of a Final Judgment, or other final disposition of, in this action.

UNITED STATES DISTRICT JUDGE

Dated: Sept. 23, 2005