UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>    Plaintiff<br>v.<br><br>AMIT MATHUR and<br>ENTRUST CAPITAL MANAGEMENT, INC.,<br>    Defendants<br>and<br><br>AMR REALTY, LLC,<br><br>    Relief Defendant. | No.  05-CV-10729 MLW |

**ANSWER OF RELIEF DEFENDANT AMR REALTY, LLC TO THE FIRST AMENDED COMPLAINT OF THE PLAINTIFF SECURITIES AND EXCHANGE COMMISISON**

    The relief defendant AMR Realty, LLC ("AMR") hereby answers the First Amended Complaint of the plaintiff Securities and Exchange Commission ("SEC" or the "Commission") as follows:

**PRELIMINARY STATEMENT**

    1.    Paragraph 1 of the Complaint identified as a Preliminary Statement is in the nature of an introductory paragraph and requires no answer.  To the extent this paragraph contains any allegations of fact directed to AMR, those facts are denied.  AMR does not respond to any of the allegations directed to the other defendants, Amit Mathur ("Mathur") Rajeev Johar ("Johar") or Entrust Capital Management, Inc. ("Entrust").

    2.    AMR admits that it was formed by Mathur and that Mathur is the managing member of AMR.  AMR admits that it was used to make some real estate investments for Entrust.  The remainder of the allegations in paragraph 2 are denied.

3. To the extent paragraph 3 refers to other defendants, no answer is required from AMR. With respect to any facts contained in paragraph 3 pertaining to or directed to AMR, they are denied.

4. Paragraph 4 is a request for relief, and therefore, no response is required.

5. AMR admits that this court has subject matter jurisdiction over this matter and personal jurisdiction over AMR.

## DEFENDANTS

6. AMR admits that Mathur is the founder, principal and owner of AMR. The remainder of the allegations contained in paragraph 6 are directed to other defendants, and therefore, no answer is required. To the extent any facts contained in paragraph 6 pertain to or are directed to AMR, they are denied.

7. AMR is without sufficient information to admit or deny the allegations contained in the first sentence of paragraph 7. The remainder of the allegations contained in paragraph 7 are directed to other defendants, and therefore, no answer is required. To the extent any facts contained in paragraph 6 pertain to or are directed to AMR, they are denied.

8. The allegations contained in paragraph 8 are directed to other defendants, and therefore, no answer is required.

## RELIEF DEFENDANT

9. AMR admits that it is a Massachusetts limited liability company established in 2003 and that AMR is in the business of developing real estate. AMR denies the remainder of the allegations contained in paragraph 9.

## FACTS

10. The allegations contained in paragraph 10 are directed to other defendants, and therefore, no answer is required.

### Entrust's Investments in Marketable Securities

11. The allegations contained in paragraph 11 are directed to other defendants, and therefore, no answer is required.

12. The allegations contained in paragraph 12 are directed to other defendants, and therefore, no answer is required.

13. The allegations contained in paragraph 13 are directed to other defendants, and therefore, no answer is required.

14. The allegations contained in paragraph 14 are directed to other defendants, and therefore, no answer is required.

15. The allegations contained in paragraph 15 are directed to other defendants, and therefore, no answer is required

### Entrust's Real Estate Ventures

16. AMR admits that Mathur transferred funds into AMR's account held at Commerce Bank, but denies the amount. AMR also admits that Mathur used AMR as a vehicle for investing funds of Entrust in real estate ventures. The remainder of the allegations contained in paragraph 15 are denied.

17. AMR admits that, using funds from Entrust, it purchased at least three properties in Worcester, Massachusetts. AMR also admits the allegations contained in the second, third and fourth sentences of paragraph 16. The remainder of the allegations contained in paragraph 16 are denied.

18. AMR admits the allegations contained in the first and second sentence of paragraph 18.

19. The allegations contained in paragraph 19 of the Complaint are denied.

### Entrust and AMR Realty Bank Accounts

20. AMR admits that it maintained a bank account at Commerce Bank in Worcester, Massachusetts. To the extent the remaining allegations contained in paragraph 20 are directed to or pertain to other defendants, no answer is required. To the extent any of the remaining allegations contained in paragraph 20 are directed to or pertain to AMR, they are denied.

21. The allegations contained in paragraph 21 are directed to other defendants, and therefore, no answer is required.

22. The allegations contained in paragraph 22 are directed to other defendants, and therefore, no answer is required.

### Mathur's Misappropriation of Client Funds for Personal Gain

23. The allegations contained in paragraph 23 are directed to other defendants, and therefore, no answer is required. To the extent any of the allegations are directed to or pertain to AMR, those allegations are denied.

24. The allegations contained in paragraph 24 are directed to other defendants, and therefore, no answer is required.

### Johar's Misappropriation of Client Funds for Personal Gain

25. The allegations contained in paragraph 25 are directed to other defendants, and therefore, no answer is required.

### Mathur and Johar's Secret Commission Kickback Deal

26. The allegations contained in paragraph 26 are directed to other defendants, and therefore, no answer is required.

### Defendant's Material Misrepresentations to Investors

27. The allegations contained in paragraph 27 are directed to other defendants, and therefore, no answer is required.

28. The allegations contained in paragraph 28 are directed to other defendants, and therefore, no answer is required.

29. The allegations contained in paragraph 29 are directed to other defendants, and therefore, no answer is required.

30. The allegations contained in paragraph 30 are directed to other defendants, and therefore, no answer is required.

31. The allegations contained in paragraph 31 are directed to other defendants, and therefore, no answer is required.

32. The allegations contained in paragraph 32 are directed to other defendants, and therefore, no answer is required.

### Misrepresentations to David Massad

33. AMR admits that David Massad is a business owner in Worcester. The remainder of the allegations in paragraph 33 of the Complaint are directed to the other defendants and therefore, no response is required.

34. The allegations contained in paragraph 34 are directed to other defendants, and therefore, no answer is required.

35.	The allegations contained in paragraph 35 are directed to other defendants, and therefore, no answer is required.

36.	The allegations contained in paragraph 36 are directed to other defendants, and therefore, no answer is required.

37.	The allegations contained in paragraph 37 are directed to other defendants, and therefore, no answer is required.

38.	The allegations contained in paragraph 38 are directed to other defendants, and therefore, no answer is required.

39.	The allegations contained in paragraph 39 are directed to other defendants, and therefore, no answer is required.

## Misrepresentations to Other Investors

40.	AMR admits that Alok Mathur is a relative of Mathur's mother. The remainder of the allegations contained in paragraph 40 are directed to other defendants, and therefore, no answer is required.

41.	AMR admits that Philip Massad is a business owner in the Worcester area. The remainder of the allegations contained in paragraph 41 are directed to other defendants, and therefore, no answer is required.

42.	AMR admits that Suzanne Benoit and Pamela Massad are attorneys in Worcester, Massachusetts. The remainder of the allegations contained in paragraph 42 are directed to other defendants, and therefore, no answer is required.

43.	AMR admits that Dr. George Seoud is a medical doctor in the New York City area. The remainder of the allegations contained in paragraph 43 are directed to other defendants, and therefore, no answer is required.

44.     The allegations contained in paragraph 44 are directed to other defendants, and therefore, no answer is required.

45.     The allegations contained in paragraph 39 are directed to other defendants, and therefore, no answer is required.

46.     AMR admits that William Isola is a member of the New York City police department and a personal friend of Mathur.  The remainder of the allegations contained in paragraph 46 are directed to other defendants, and therefore, no answer is required.

47.     AMR admits that Steven LaGrasso is a member of the New York City police department.  The remainder of the allegations contained in paragraph 46 are directed to other defendants, and therefore, no answer is required.

48.     AMR admits that Elaine Osgood is a business owner who lives in Worcester, Massachusetts.  The remainder of the allegations contained in paragraph 48 are directed to other defendants, and therefore, no answer is required.

49.     The allegations contained in paragraph 49 are directed to other defendants, and therefore, no answer is required.

50.     The allegations contained in paragraph 50 are directed to other defendants, and therefore, no answer is required.

**PENALTIES**

51.     Paragraph 45 contains conclusions of law to which no response is required.  To the extent paragraph 45 contains any allegations of fact, they are denied.

**FIRST CLAIM FOR RELIEF**
**AGAINST MATHUR, JOHAR AND ENTRUST**
**Fraud in the Offer and Sale of Securities**
**[Violation of Section 17(a) of the Securities Act]**

52. AMR repeat and incorporate by reference its answer to the allegations contained in paragraphs 1-51 of the Complaint as if fully set forth herein.

53. The allegations contained in paragraph 53 are directed to other defendants, and therefore, no answer is required.

54. Paragraph 54 contains conclusions of law to which no response is required. To the extent paragraph 54 contains any allegations of fact, they are directed to other defendants and therefore no answer is required.

**SECOND CLAIM FOR RELIEF**
**AGAINST MATHUR, JOHAR AND ENTRUST**
**Fraud in Connection with the Purchase and Sale of Securities**
**[Violation of Section 10(b) of the Exchange Act and Rule 10b-5]**

55. AMR repeats and incorporates by reference its answer to the allegations contained in paragraphs 1-55 of the Complaint as if fully set forth herein.

56. The allegations contained in paragraph 56 are directed to other defendants, and therefore, no answer is required.

57. Paragraph 57 contains conclusions of law to which no response is required. To the extent paragraph 57 contains any allegations of fact, they are directed to other defendants, and therefore, no answer is required.

### THIRD CLAIM FOR RELIEF
### AGAINST MATHUR, JOHAR AND ENTRUST
**Fraudulent Scheme or Device by an Investment Advisor**
**[Violation of Section 206(1) of the Advisors Act]**

58.     AMR repeats and incorporates by reference its answer to the allegations contained in paragraphs 1-57 of the Complaint as if fully set forth herein.

59.     The allegations contained in paragraph 59 are directed to other defendants, and therefore, no answer is required.

60.     Paragraph 60 contains conclusions of law to which no response is required. To the extent paragraph 60 contains any allegations of fact, they are directed to other defendants, and therefore, no answer is required.

### FOURTH CLAIM FOR RELIEF
### AGAINST MATHUR, JOHAR AND ENTRUST
**Fraudulent Transaction, Practice, or Course of Business by an Investment Advisor**
**[Violation of Section 206(2) of the Advisor's Act]**

61.     AMR repeats and incorporates by reference its answer to the allegations contained in paragraphs 1-60 of the Complaint as if fully set forth herein.

62.     The allegations contained in paragraph 62 are directed to other defendants, and therefore, no answer is required.

63.     Paragraph 63 contains conclusions of law to which no response is required. To the extent paragraph 63 contains any allegations of fact, they are directed to other defendants, and therefore, no answer is required.

## FIFTH CLAIM FOR RELIEF
## AGAINST MATHUR AND JOHAR
### Fraudulent Scheme or Device by an Investment Advisor
### [Aiding and Abetting Violation of Section 206(1) of the Advisor's Act]

64.     AMR repeats and incorporates by reference its answer to the allegations contained in paragraphs 1-63 of the Complaint as if fully set forth herein.

65.     The allegations contained in paragraph 65 are directed to other defendants, and therefore, no answer is required.

66.     The allegations contained in paragraph 66 are directed to other defendants, and therefore, no answer is required..

67.     Paragraph 67 contains conclusions of law to which no response is required.  To the extent paragraph 67 contains any allegations of fact, they are directed to other defendants, and therefore, no answer is required.

## SIXTH CLAIM FOR RELIEF
## AGAINST MATHUR AND JOHAR
### Fraudulent Transaction, Practice, or Course of Business by an Investment Advisor
### [Aiding and Abetting Violation of Section 206(2) of the Advisor's Act]

68.     AMR repeats and incorporates by reference its answer to the allegations contained in paragraphs 1-67 of the Complaint as if fully set forth herein.

69.     The allegations contained in paragraph 69 are directed to other defendants, and therefore, no answer is required.

70.     The allegations contained in paragraph 70 are directed to other defendants, and therefore, no answer is required..

71. Paragraph 71 contains conclusions of law to which no response is required. To the extent paragraph 71 contains any allegations of fact, they are directed to other defendants, and therefore, no answer is required.

### SEVENTH CLAIM
### (Unjust Enrichment of Relief Defendant AMR Realty)

72. AMR repeats and incorporates by reference its answer to the allegations contained in paragraphs 1-71 of the Complaint as if fully set forth herein.

73. The allegations contained in paragraph 73 of the Complaint are denied.

74. Paragraph 74 contains conclusions of law to which no response is required. To the extent paragraph 74 contains any allegations of fact, they are denied.

The remainder of the Complaint are Prayers for Relief, to which no answer is required.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Commission has not stated a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Commission's claims are barred under the doctrines of waiver and estoppel.

### THIRD AFFIRMATIVE DEFENSE

The Commission's claim against AMR must fail because AMR was not unjustly enriched as it received monies to which it was rightfully entitled.

### FOURTH AFFIRMATIVE DEFENSE

The Commission's claim against AMR must fail because AMR was not unjustly enriched because it did not receive any undeserved benefit.

**FIFTH AFFIRMATIVE DEFENSE**

The Commission's claim against AMR must fail because AMR was not unjustly enriched because it did not engage in any wrongdoing, and at all times acted in good faith and within the law.

**SIXTH AFFIRMATIVE DEFENSE**

The Commission's claim against AMR must fail because AMR was not unjustly enriched because has not engaged in any fraudulent conduct.

**SEVENTH AFFIRMATIVE DEFENSE**

The Commission's claim against AMR must fail because AMR was not a party to any contract, implied in fact or implied in law giving rise to any theory of restitution.

Respectfully submitted,

**AMR REALTY, LLC**
by its attorneys,

/s/ Gary C. Crossen
Gary C. Crossen, BBO No. 106580
gcrossen@rubinrudman.com
Nur-ul-Haq, BBO No. 647448
nurulhaq@rubinrudman.com
Rubin and Rudman LLP
50 Rowes Wharf
Boston, MA 02110
(617) 330-7000
(617) 439-9556 (facsimile)

Dated: October 18, 2005