UNITES STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                   )
SECURITIES AND EXCHANGE COMMISSION,                )
                                                   )
            Plaintiff,                             )
                                                   )
      v.                                           )
                                                   )
AMIT MATHUR, and                                   )   CIVIL ACTION
ENTRUST CAPITAL MANAGEMENT, INC.,                  )   NO. 05 CV 10729-MLW
                                                   )
            Defendant,                             )
                                                   )
            and                                    )
                                                   )
AMR REALTY, LLC                                    )
                                                   )
            Relief Defendant.                      )
_____)

**DEFENDANT ENTRUST CAPITAL MANAGEMENT, INC.'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 8 and 12, defendant Entrust Capital Management, Inc. ("Defendant"), by and through its undersigned counsel, hereby answers the allegations of the Amended Complaint ("Amended Complaint") and asserts its affirmative defenses.

1.      Paragraph 1 of the Complaint identified as a Preliminary Statement is in the nature of an introductory paragraph and requires no answer. To the extent paragraph 1 contains any allegations of facts, they are denied.

2.      The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. Paragraph 3 contains legal conclusions, and therefore, no answer is required. To the extent paragraph 3 contains facts, the Defendant denies the allegations contained in paragraph 3.

4. Paragraph 4 contains legal conclusions and a request for relief, and therefore, no answer is required. To the extent paragraph 4 contains facts, the Defendant denies the allegations contained in paragraph 4.

5. The Defendant admits the allegations contained in the first and last sentence of Paragraph 5. The allegations contained in the second sentence are directed to other defendants, and therefore no answer is required.

6. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, except admits Amit Mathur ("Mathur") is a co-owner of Entrust.

7. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, except admits Rajeev Johar ("Johar") was a principal of Entrust and operated an office in West Monroe, Louisiana.

8. The Defendant admits that it is a Massachusetts corporation with offices in Worcester, Massachusetts and West Monroe, Louisiana. The Defendant further admits that Mathur operates the Massachusetts office, while his partner, Johar, operates the Louisiana office. The remaining allegations contained in paragraph 8 are legal conclusions to which no response is required.

9. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. The Defendant denies the last sentence of paragraph 10. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10.

11. The Defendant admits that Entrust purchased and held marketable securities in a brokerage account at Kimball & Cross Investment Management Corp. ("K&C"), a registered broker dealer. The Defendant admits that some client funds were also deposited in an account with AIG Sun America ("Sun America"). The Defendant denies the remaining allegations contained in paragraph 11.

12. The Defendant denies the allegations contained in paragraph 12.

13. To the extent the allegations contained in paragraph 13 are derived from documents, those documents speak for themselves.

14. The Defendant denies the allegations contained in paragraph 14.

15. The Defendant denies the allegations contained in paragraph 15.

16. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19. The Defendant denies the allegations contained in paragraph 19.

20. The Defendant admits Entrust maintained bank accounts at Commerce Bank in Worcester and Community Trust Bank in Louisiana. The Defendant denies the remaining allegations contained in paragraph 20.

21. The Defendant admits the allegations contained in the first sentence of paragraph 21. To the extent the allegations contained in the second sentence of paragraph 21 are drawn from a document, that document speaks for itself.

22. The Defendant denies the allegations contained in paragraph 22.

23. The Defendant admits that some of the money contained in Entrust's account at Commerce Bank came from client depositions. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23.

24. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26. The Defendant denies the allegations contained in the first three sentences of paragraph 26. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the last three sentences of paragraph 26.

27. The Defendant denies the allegations contained in paragraph 27.

28. The Defendant denies the allegations contained in paragraph 28.

29. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 29. The Defendant denies the allegations contained in the last sentence of paragraph 29.

30. The Defendant denies the allegations contained in paragraph 30.

31. The Defendant denies the allegations contained in the first sentence of paragraph 31. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31.

32. The Defendant denies the allegations contained in paragraph 32.

33. The Defendant denies the allegations contained in paragraph 33.

34. The Defendant denies the allegations contained in paragraph 34.

35. The Defendant denies the allegations contained in paragraph 35.

36. The Defendant denies the allegations contained in paragraph 36.

37. The Defendant admits that Entrust sent David Massad checks between September 2002 and January 2005. The Defendant denies the remaining allegations contained in paragraph 37.

38. The Defendant denies the allegations contained in paragraph 38.

39. The Defendant denies the allegations contained in paragraph 39.

40. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second and third sentences of paragraph 40. The Defendant denies the remaining allegations contained in paragraph 40.

41. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 41. The Defendant denies the remaining allegations contained in paragraph 41.

42. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second, third, and fourth sentences

of paragraph 42. The Defendant denies the remaining allegations contained in paragraph 42.

43. The Defendant denies the allegations contained in the last sentence of paragraph 43. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 43.

44. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 44. The Defendant denies the remaining allegations contained in paragraph 44.

45. The Defendant denies the allegations contained in paragraph 45.

46. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second, third, fifth and sixth sentences of paragraph 46. The Defendant denies the remaining allegations contained in paragraph 46.

47. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 47. The Defendant denies the remaining allegations contained in paragraph 47.

48. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second and third sentences of paragraph 48. The Defendant denies the remaining allegations contained in paragraph 48.

49. The Defendant denies the allegations contained in paragraph 49.

50. To the extent that the allegations contained in paragraph 50 are derived from documents, those documents speak for themselves. Otherwise, the Defendant denies the allegations contained in paragraph 50.

51. Paragraph 51 contains conclusions of law to which no response is required. To the extent paragraph 51 contains any allegations of fact, they are denied.

**FIRST CLAIM FOR RELIEF
AGAINST MATHUR AND ENTRUST
Fraud in the Offer and Sale of Securities
[Violation of Section 17(a) of the Securities Act]**

52. Entrust incorporates each and every response set forth in paragraphs 1 through 51 as if fully set forth herein.

53. The Defendant denies the allegations contained in paragraph 53.

54. The Defendant denies the allegations contained in paragraph 54.

**SECOND CLAIM FOR RELIEF
AGAINST MATHUR, JOHAR AND ENTRUST
Fraud in Connection with the Purchase and Sale of Securities
[Violation of Section 10(b) of the Exchange Act and Rule 10b-5]**

55. Entrust incorporates each and every response set forth in paragraphs 1 through 54 as if fully set forth herein.

56. The Defendant denies the allegations contained in paragraph 56.

57. The Defendant denies the allegations contained in paragraph 57.

## THIRD CLAIM FOR RELIEF
## AGAINST MATHUR, JOHAR AND ENTRUST
### Fraudulent Scheme or Device By an Investment Advisor
### [Violation of Section 206(1) of the Advisers Act]

58. Entrust incorporates each and every response set forth in paragraphs 1 through 57 as if fully set forth herein.

59. The Defendant denies the allegations contained in paragraph 59.

60. The Defendant denies the allegations contained in paragraph 60.

## FOURTH CLAIM FOR RELIEF
## AGAINST MATHUR, JOHAR AND ENTRUST
### Fraudulent Transaction, Practice, or Course of Business By an Investment Adviser
### [Violation of Section 206(2) of the Advisors Act]

61. Entrust incorporates each and every response set forth in paragraphs 1 through 60 as if fully set forth herein.

62. The Defendant denies the allegations contained in paragraph 62.

63. The Defendant denies the allegations contained in paragraph 63.

## FIFTH CLAIM FOR RELIEF
## AGAINST MATHUR AND JOHAR
### Fraudulent Scheme or Device By an Investment Advisor
### [Aiding and Abetting Violation of Section 206(1) of the Advisors Act]

64. Entrust incorporates each and every response set forth in paragraphs 1 through 63 as if fully set forth herein.

65. The Defendant denies the allegations contained in paragraph 65.

66. The Defendant denies the allegations contained in paragraph 66.

67. The Defendant denies the allegations contained in paragraph 67.

## SIXTH CLAIM FOR RELIEF
## AGAINST MATHUR AND JOHAR
### Fraudulent Transaction, Practice, or Course of Business By an Investment Adviser
### [Aiding and Abetting Violation of Section 206(2) of the Advisers Act]

68.     Entrust incorporates each and every response set forth in paragraphs 1 through 67 as if fully set forth herein.

69.     The Defendant denies the allegations contained in paragraph 69.

70.     The Defendant denies the allegations contained in paragraph 70.

71.     The Defendant denies the allegations contained in paragraph 71.

## SEVENTH CLAIM
### (Unjust Enrichment of Relief Defendant AMR Realty)

72.     Entrust incorporates each and every response set forth in paragraphs 1 through 71 as if fully set forth herein.

73.     The Defendant denies the allegations contained in paragraph 73.

74.     The Defendant denies the allegations contained in paragraph 74.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against the Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Defendant denies making any misrepresentations or omissions alleged in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

The Defendant had no duty to disclose any allegedly omitted information.

### FOURTH AFFIRMATIVE DEFENSE

If any alleged misrepresentation or omission occurred, which the Defendant denies, it was not material as a matter of law.

### FIFTH AFFIRMATIVE DEFENSE

The Defendant did not act with scienter.

### SIXTH AFFIRMATIVE DEFENSE

If anyone suffered cognizable damages, which the Defendant denies, those damages resulted from causes other than any alleged act or omission by the Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to comply with Federal Rule of Civil Procedure 9(b).

### EIGHTH AFFIRMATIVE DEFENSE

The Defendant complied faithfully with all duties of disclosure to which he was subject, and breached no duty of disclosure applicably to them.

### NINTH AFFIRMATIVE DEFENSE

The Commission's claims are barred under the doctrines of waiver and estoppel.

### TENTH AFFIRMATIVE DEFENSE

The Commission's claims fail as a matter of law because there was no device, scheme or artifice to defraud.

WHEREFORE, the Defendant respectfully requests that this Court:

(1)    Award the Defendant its reasonable attorneys fees, costs, and expenses incurred in the defense of this action; and

(2) Award the Defendant whatever further and additional relief this Court deems fair and just.

## JURY DEMAND

Defendant Entrust Capital Management, Inc. demands a trial by jury.

Respectfully submitted,

ENTRUST CAPITAL MANAGEMENT, INC.,

By its attorney,

/s/ John A. Sten
John A. Sten, Esq. (BBO# 629577)
Greenberg Traurig, LLC
One International Place, 20th Floor
Boston, MA 02110
Tele: (617) 310-6000
Fax: (617)310-6001
E-mail: stenj@gtlaw.com

### CERTIFICATE OF SERVICE

I, John A. Sten, certify that on October 21, 2005, the foregoing Defendant Entrust Capital Management, Inc.'s Answer to Plaintiff's Complaint was filed electronically with the Court. Notice will be sent by e-mail to all parties through the Court's electronic filing system (and by mail to parties not registered with the system), and the filing may be accessed through the Court's system.

/s/ John A. Sten
John A. Sten

bos-fs1\174800v01