UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

AMIT MATHUR, ENTRUST CAPITAL
MANAGEMENT, INC., and RAJEEV JOHAR,

Defendants,

and

AMR REALTY, LLC,

Relief Defendant

CIVIL ACTION
No. 05-CV-10729-MLW

**FINAL JUDGMENT AS TO DEFENDANTS AMIT MATHUR AND ENTRUST
CAPITAL MANAGEMENT, INC. AND RELIEF DEFENDANT AMR REALTY LLC**

The Securities and Exchange Commission having filed a Complaint and defendants Amit

Mathur ("Mathur") and Entrust Capital Management, Inc. ("Entrust") and relief defendant AMR

Realty LLC ("AMR") each having entered a general appearance; consented to the Court's

jurisdiction over them and the subject matter of this action; consented to entry of this Final

Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal

from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Mathur and his agents,

servants, employees, attorneys, and all persons in active concert or participation with them who

receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Mathur and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact

or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading;

or

(c)     to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Mathur

and his agents, servants, employees, attorneys, and all persons in active concert or participation

with them who receive actual notice of this Final Judgment by personal service or otherwise are

permanently restrained and enjoined from violating, directly or indirectly, Section 206(1) of the

Advisers Act  [15 U.S.C. § 80b-6(1)], by using the mails or any means or instrumentality of

interstate commerce, directly or indirectly to employ any device, scheme, or artifice to defraud

any client or prospective client.

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Mathur

and his agents, servants, employees, attorneys, and all persons in active concert or participation

with them who receive actual notice of this Final Judgment by personal service or otherwise are

permanently restrained and enjoined from violating, directly or indirectly, Section 206(2) of

Investment Advisors Act of 1940 [15 U.S.C. § 80b-6(2)] by use of the mails or any means or

instrumentality of interstate commerce, directly or indirectly to engage in any transaction,

practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Entrust and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Entrust and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are

permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Entrust and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 206(1) of the Advisers Act [15 U.S.C. § 80b-6(1)], by using the mails or any means or instrumentality of interstate commerce, directly or indirectly to employ any device, scheme, or artifice to defraud any client or prospective client.

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Entrust

and its agents, servants, employees, attorneys, and all persons in active concert or participation

with them who receive actual notice of this Final Judgment by personal service or otherwise are

permanently restrained and enjoined from violating, directly or indirectly, Section 206(2) of

Investment Advisors Act of 1940 [15 U.S.C. § 80b-6(2)] by use of the mails or any means or

instrumentality of interstate commerce, directly or indirectly to engage in any transaction,

practice, or course of business which operates as a fraud or deceit upon any client or prospective

client.

IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Mathur,

Entrust, and AMR are liable, jointly and severally, for disgorgement of $12,572,237.28,

representing profits gained as a result of the conduct alleged in the Complaint.  This

disgorgement obligation shall be satisfied in part by completion of the payments described in

Paragraph X of this Final Judgment.  Upon completion of the payments described in Paragraph

X, the remainder of this disgorgement obligation is deemed satisfied by entry of the criminal

restitution order against Mathur in United States v. Amit Mathur, 4:06-cr-40034-FDS.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that assets of Mathur,

Entrust, and AMR currently subject to the Preliminary Injunction Order, Order Freezing Assets

and Other Equitable Relief entered April 19, 2005 as modified by the Order Allowing Limited

Relief From Order of Preliminary Injunction dated June 24, 2005 ("Asset Freeze") in this action

shall be paid by the custodians of such assets to the Clerk of this Court no later than ten days

from entry of this Final Judgment and applied to Mathur's obligation to pay restitution in the

criminal action <u>United States v. Amit Mathur</u>, 4:06-cr-40034-FDS. Each custodian shall submit

a cover letter with its payment that identifies Mathur as a defendant in this action (citing the title

and civil action number of this action) and in United States v. Amit Mathur, 4:06-cr-40034-FDS;

and specifying that payment is made pursuant to this Final Judgment for the purpose of applying

it to Mathu's obligation to pay restitution in the criminal action <u>United States v. Amit Mathur</u>,

4:06-cr-40034-FDS. Photocopies of such payments and cover letters shall be transmitted to the

Commission's counsel in this action. Defendant relinquishes all legal and equitable right, title,

and interest in such funds, and no part of the funds shall be returned to Defendant.

## XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth therein.

## XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.


Dated: November 9 , 20 10


/s/ Mark L. Wolf
_____

MARK L. WOLF
UNITED STATES DISTRICT JUDGE


7